## THE CITY OF SHAWNEETOWN

*v.*

## ADAM BAKER.

85    563
97a  ²659

1. PLEADING—*form of action on sealed instrument.* Under our Practice act, any instrument in writing, under seal, may be declared upon, in any form of action, the same as such instrument might have been sued or declared on if it had not been under seal.

2. MUNICIPAL CORPORATION—*power to adjust claims.* As a general proposition, municipal corporations have the same power to liquidate claims and indebtedness that natural persons have, and from this proceeds

power to adjust all disputed claims, and, when the amount is ascertained, to pay the same, as other indebtedness.

3. SAME—*power to arbitrate.* A municipal corporation, unless disabled by positive law, can submit to arbitration all unsettled claims, with the same liability to perform the award as would rest upon a natural person, but such power must be exercised by ordinance or resolution of the corporate authorities.

4. SAME—*council may ratify acts done at a prior meeting.* Where all the members of a city council are not notified of a meeting at which an act is done or resolution adopted, if at the next regular meeting the minutes of the special meeting are read and approved, this will be equivalent to a ratification of what was done at that meeting. A municipal corporation may ratify all contracts not *ultra vires.*

5. SAME—*powers of city of Shawneetown.* The city of Shawneetown, having ample power under its charter to construct levees for the preservation of the health of the people and the protection of property, may lawfully contract for the cutting of a ditch in which work is done beyond its corporate limits, where such ditch is a part of the levee improvement, and agree to procure the right of way for the same.

APPEAL from the Circuit Court of Gallatin county; the Hon. TAZEWELL B. TANNER, Judge, presiding.

This was an action of assumpsit, by the appellee, against the appellant, upon an award made under seal. The plaintiff recovered judgment, and the defendant appealed.

Mr. W. G. BOWMAN, Mr. C. G. HUGHES, and Mr. R. W. TOWNSHEND, for the appellant.

Mr. F. M. YOUNGBLOOD, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The point insisted upon, the action should have been debt, because the award declared on is under seal, is not maintainable. Under our Practice act, any instrument in writing, under seal, may be declared upon in any form of action the same as such instrument might have been sued or declared on if it had not been under seal.

As a general proposition, municipal corporations have the same powers to liquidate claims and indebtedness that natural

persons have, and from that source proceeds power to adjust all disputed claims, and, when the amount is ascertained, to pay the same, as other indebtedness. It would seem to follow, therefore, a municipal corporation, unless disabled by positive law, could submit to arbitration all unsettled claims, with the same liability to perform the award as would rest upon a natural person. Such power must, of course, if exercised at all, be by ordinance or resolution of the corporate authorities. That was done in this case. The city council, by resolution, authorized the mayor to submit the controversy in relation to constructing a ditch across the lands of plaintiff to arbitration, which was done. Arbitrators, mutually chosen, made an award in pursuance of the submission, and it is upon that this action is brought.

One objection to the validity of the award is, that the meeting of the council at which the resolution to submit to arbitration was adopted, was not regular, because all the members were not notified. Without examining that question, we think it is sufficient that, at a regular meeting of the council subsequently held, the minutes of the special meeting were read and approved, which is equivalent to a ratification of what was done at that meeting. It is apprehended municipal corporations may ratify all contracts not *ultra vires*, and, when understandingly done, such ratification will render such contracts valid.

Another point made against the award is, the work for which the damages are claimed was done beyond the limits of the corporation. Under its charter, the city had ample authority to construct levees for the preservation of the health of the people and the protection of property, and it is proven the ditch cut across the lands of plaintiff was a part of the levee improvement. It is true, the ditch was cut by the railway company, but it was under an arrangement with the city, and it had agreed to furnish the right of way. It was in the execution of that agreement the city undertook to procure from plaintiff the right of way across his land. The undertaking

was not beyond the powers of the corporation, and no reason is perceived why it was not a valid contract.

Instructions given on behalf of defendant are as favorable· as the law will warrant, and no just grounds appear for complaint on account of the refusal of the court to give others.

On the whole record, no sufficient reason appears for reversing the judgment, and it will be affirmed.

*Judgment affirmed.*