## Albert J. Martin

### v.

## James Murphy.

1. Construction of contract.—A promissory note as follows: " Two years after date, I promise to pay to * * * $365.40. It is understood and agreed that if paid before maturity, a discount at the rate of eight per cent. per annum shall be allowed, and if not paid when due, the same rate, eight per cent. per annum shall be added." Three days before maturity the plaintiff tendered the sum of $315, and demanded the note, claiming that by paying before maturity he should get a discount of the whole amount of interest for two years. *Held,* that such construction of the contract is manifestly erroneous.

2. Jurisdiction.—Where defendant sold land to plaintiff, and the deed contained such covenants as to make it the duty of defendant to pay certain taxes, and plaintiff paid the taxes ($11.38), for defendant, the plaintiff can recover the amount before a justice of the peace.

Error to the Circuit Court of Jasper county; the Hon. William C. Jones, Judge, presiding. Opinion filed April 6, 1885.

Mr. John H. Halley, for plaintiff in error; as to jurisdiction, cited Fowler v. Hall, 7 Bradwell, 332; Kennedy v. Pennick, 21 Ill. 597.

Messrs. Gibson & Johnson, for defendant in error; as to jurisdiction of justice, cited R. S. 1874, p. 639, § 13.

WALL, J. This case originated before a justice of the peace, and was removed by appeal to the circuit court, where, upon a trial by jury, the appellee, Martin, obtained a verdict against the appellant, Murphy, for $61.78. A motion for a new trial being overruled, judgment was rendered on the verdict, and for costs of suit accordingly. The plaintiff's demand consists of two items: 1st, for a sum of money alleged to have been improperly exacted by the defendant and paid by the plaintiff under protest, upon a promissory note held by defendant against the plaintiff; and 2d, for taxes paid by the plaintiff upon a tract of land sold by defendant to the plaintiff.

As to the first item, it appears that plaintiff bought of defendant the tract of land in question, and in part payment of the purchase money gave his two promissory notes, which were alike except as to amounts and time of payment, the first of which was paid, and the second, in regard to which the present controversy arises, is as follows:

$365.40.                       ROSE HILL, JASPER CO., ILL.,

April 9th, 1881.

Two years after date I promise to pay to the order of James Murphy, three hundred and sixty-five and 40-100 dollars, without defalcation, for value received. It is understood and agreed that if paid before maturity, a discount at the rate of eight per cent. per annum shall be allowed, and if not paid when due, the same rate, eight per cent. per annum shall be added.

ALBERT MARTIN.

The note was sent to the bank for collection, and on the 6th day of April, 1883, three days before its maturity, the plaintiff tendered the cashier the sum of $315 and demanded the note.

This the cashier declined to accept in payment of the note, and then the plaintiff paid the face of the note under protest, claiming that he did not owe any interest on the note, because he was ready to pay it a few days before it was due. He states that when he purchased the land it was agreed that the deferred payments should bear interest at the rate of eight per cent. per annum, and the interest was computed and put

Martin v. Murphy.

into the notes as a part of the principal, so that the note in question was for $315, principal and interest thereon at eight per cent. for two years, $50.40, total $365.40.

It is insisted that by the terms of this note as drawn, the plaintiff could, by paying before maturity, get a discount of the whole amount of interest for two years.

The court below and the jury adopted this view of the contract, and allowed the plaintiff $50.40 on that account.

This construction is in our opinion erroneous. The discount to be allowed for payment before maturity, was not for the whole period of two years, but as expressly stated, was to be at the rate of eight per centum per annum, so that the plaintiff would be permitted to pay at any time he chose before maturity, and be chargeable with the agreed rate of interest for the time only that the principal sum was unpaid, and no longer, and if he failed to pay when due, the same rate, eight per cent. per annum was to be added. We are not able to see how any other meaning can be given to the instrument, for the language employed is plain and unambiguous.

It is a general rule that written instruments are not to be modified or contradicted by the contemporaneous parol agreement of the parties in regard to the subject-matter, and this instrument must be construed according to this rule. It is apparent, however, that it was drawn as the parties intended, and its plain construction does no violence to the verbal agreement of the parties as stated by the plaintiff, but is in harmony therewith.

It is unnecessary to consider whether the payment, being made under the circumstances detailed, could be recovered on the ground of duress. It was not improperly exacted, and whether it was paid voluntarily or involuntarily, in a legal sense is not important. The other item in plaintiff's demand was for $11.38, being the amount due upon the property for taxes when plaintiff received the deed. The deed contained such covenants as to make it the duty of defendant to pay these taxes, and the question is whether, having paid them for him, the plaintiff can recover the amount before a justice of the peace. It is insisted the only remedy is by action of covenant, and that a justice of the peace has not jurisdiction of such an action.

By Sec. 19, Ch. 110, R. S., it is provided that any deed or other instrument under seal—penal bonds excepted—may be sued and declared upon in any form of action in which it might have been sued and declared upon if not under seal. Under this provision it has been held that assumpsit would lie upon a policy of insurance under seal (P. L. I. Co. v. Palmer, 81 Ill. 88), and upon an award under seal (Shawneetown v. Baker, 85 Ill. 563), and no reason is suggested why it would not lie upon a deed for breach of warranty. A justice of the peace has jurisdiction where the demand does not exceed $200 in all cases where debt or assumpsit will lie: Ch. 6; Sec. 13, Ch. 79; also in all actions arising on contracts, whether under seal or not, express or implied, for the recovery of money only.

We are of opinion the justice had jurisdiction in the present case, and that as to the item for taxes paid, the judgment was right, but that for the item for interest plaintiff had no cause of action.

The judgment is reversed and the cause remanded.

Reversed and remanded.