# CITY OF ROODHOUSE
## V.
## EDWARD JENNINGS ET AL.

*Municipal Corporations—City Attorney—Appointment of—Sec. 73 Chap. 24, R. S.*

1. Although the statute provides for the election of a city attorney, the mayor and council of a municipal corporation may employ counsel to commence and prosecute suits for violation of city ordinances, in case of vacancy in the office of city attorney. An attorney thus employed need not be a resident of the city which he represents.

2. It is improper to dismiss a suit, as commenced without authority, by counsel so employed.

[Opinion filed May 25, 1888.]

APPEAL from the Circuit Court of Green County; the Hon. GEORGE W. HERDMAN, Judge, presiding.

Mr. JOHN G. HENDERSON, for appellant.

Mr. MARK MEYERSTEIN, for appellee.

CONGER, P. J. This is an action of debt, instituted by appellant against appellees to the September term, 1887, of the Circuit Court of Green County, and was, upon motion of the appellees, dismissed by the court upon the 10th day of September, 1887.

It appears that on the 6th day of June, 1887, the city attorney had resigned, and appellant has remained without such an officer up to the time of the dismissal of the suit.

After the city attorney had resigned it became necessary, in the opinion of the mayor and the members of the city council, to employ some competent attorney to prosecute those who were violating the city ordinances, and therefore the mayor, by the request and direction of the members of the city council, did employ Mr. Henderson for such purpose and instructed him to bring the present suit. Upon the 8th day of Septem-

Roodhouse v. Jennings.

ber, two days before the suit was dismissed, the following res-
olution was passed by the city council:

" Whereas, on the 6th day of June, A. D. 1887, John W.
Starkey, mayor of the city of Roodhouse, Illinois, by and with
the consent and direction of the members of the city council
of the said city, employed John G. Henderson as attorney to
prosecute and defend, for and in behalf of said city, all suits
for the violation of the ordinances of said city relative to the
sale of intoxicating liquors, and all other cases brought by or
against said city, now, therefore, be it resolved, by the city
council of the said city of Roodhouse, Illinois, that the action
of the mayor in so employing the said Henderson, and the
contract with said Henderson, are hereby ratified and approved,
and the beginning and the prosecutions of all suits by said
Henderson for violation of said ordinances aforesaid, and all
other suits, are hereby ratified and approved, as done by and
with the authority of the city council of the said city of Rood-
house, Illinois; and they hereby request and authorize the
prosecution to final settlement and conclusion of all suits now
pending in the Circuit Court of Green County, and all other
suits which may be brought ·by said Henderson for said city,
whether same are brought originally in said court or by
appeal from justice of the peace."

The reasons given in the motion of appellees for the dismissal
of the suit were, that Mr. Henderson was at no time the city
attorney or city counselor of the city of Roodhouse, and because
he instituted the suit without any authority from the plaintiff.

We think the action of the court in dismissing the suit was
erroneous; there being no city attorney, it was clearly within
the power of the city authorities to employ an attorney to
represent the city in litigation in which it was interested.

In 1 Dillon on Mun. Corp., Sec. 479, it is said: "Resulting
also from the power to make contracts, to own property, and
to incur liabilities, is the authority in a municipal corporation
in the absence of express or implied restriction, to employ an
attorney to conduct or defend suits in which the corporation
is interested in its corporate capacity."

" The power to employ counsel whenever and wherever, in
the discretion of the board, it is necessary for the corporation

to be represented by counsel, for the preservation and protection of its interests, is necessarily implied, to enable the corporation to effect the purposes of its creation and to execute faithfully the trust committed to it." City of Memphis v. Adams, 9 Heisk. 518.

In Smith v. Mayor of Sacramento, 13 Cal. 533, the court says: "We are not aware of any well recognized rule of construction which goes to the extent of holding that under a general provision like this, the power of protecting the interests of the city by the employment of counsel is denied to the city authorities. The legal protection of the property may be as much involved in procuring competent attorneys or counsel as in paying the costs and expenses of defending actions brought for the recovery of its real or personal property. * * * It is true the charter provides that an attorney shall be elected by the people to attend to the business of the city; but this does not prevent the employment of other counsel when it is impossible for the attorney of the city to discharge the required duty."

The mayor and council of appellant having, as we hold, the undoubted authority to employ counsel, when there was no city attorney to protect the interests of the city, need not necessarily exercise such power by a formal vote. The mayor, by the direction and with the approval of a majority of the city council, might make such appointment in cases of emergency, or when from any cause action was required before there could be a formal meeting of the council.

The action of the mayor with the consent and approval of the majority of the council was sufficient to make Mr. Henderson *de facto* the attorney of the city, and his proceedings under such appointment would bind the city in the litigation that he undertook under such authority, and it therefore does not lie in the mouth of appellee to question it.

It is urged that Henderson could not act because he was not a resident of the city. There was no attempt to make him city attorney or to fill that office, but only to employ an attorney to look after the city's interest for the time being.

The judgment of the Circuit Court will be reversed and the cause remanded.                    *Reversed and remanded.*