### City of Taylorville v. John E. Hogan.

1. ASSIGNMENT OF ERROR—*when deemed abandoned.* An assignment of error not argued is deemed abandoned.

2. MUNICIPAL CORPORATION—*what not essential to valid employment of attorney by.* An ordinance providing for and authorizing the employment of an attorney is not essential, and the lack of such an enabling ordinance will not prevent recovery for services rendered by an attorney to a municipal corporation.

Action of *assumpsit.* Appeal from the Circuit Court of Christian county; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court at the May term, 1906. Affirmed. Opinion filed November 27, 1906.

ARTHUR YOCKEY, for appellant; JAMES M. TAYLOR and LESLIE J. TAYLOR, of counsel.

HOGAN & WALLACE, for appellee.

MR. PRESIDING JUSTICE RAMSAY delivered the opinion of the court.

John E. Hogan brought suit against the city of Taylorville to recover for legal services alleged to have been rendered by him for the city. A trial was had before the court and a jury, a verdict returned in Hogan's favor in the sum of $750, upon which the court rendered judgment. The city appealed.

It appears from the evidence that at a regular meeting of the city council of the city of Taylorville on the fifteenth day of June, 1903, appellee was employed, upon motion unanimously passed, to act as assistant city attorney where legal services were required. That thereafter appellee engaged actively in the work of the city, taking a personal supervision of several proposed paving, sewer and drainage improvements; that after a large part of the work had been done by appellee he presented a bill to the council of said city (on the 19th day of September, 1904) for the sum of $2,000, in which he stated that said charge was made for services rendered the city in connection with the paving special assessment number one; that accompanying said bill was a written statement showing that the work contemplated involved the expenditure of about $100,000 and showing in detail that all the items of service charged for and rendered in the bill then presented were for labor connected only with such special paving improvement.

Upon the presentation of said bill the council allowed said bill "for services seventeen months, in paving matters," which was paid.

It is contended by appellant that the $2,000 so paid to appellee by the city was in full of all services rendered by him and no recovery could be had.

This claim, however, is not supported by the evidence. While it is true that there was only one employment, that employment was a general one to act as assistant city attorney where legal services were required. After this engagement of appellee to do general work as such attorney, it appears from the evidence that he did a very considerable amount of labor for the city and included in such labors was the work sued for in this case.

The claims, for which recovery is now sought, are legal services in three surface drainage districts ($250 in each), $750; in a proceeding for the construction of a Shawnee street sewer, $100; in the Madison street sewer, $25, making a total of $875, for which appellee presented a bill to the city council some time after his bill for $2,000 had been allowed on September 19, 1904.

Considerable evidence was given to the jury as to the reasonable value of these services, and there was some conflict between the witnesses as to such value, but we are disposed to hold that there was sufficient evidence in the case to justify the jury in allowing appellee the sum fixed by them, viz., $750.

Upon the main question that the bill previously allowed covered the items sued for, we are at a loss to know upon what ground such contention can be sustained. The bill presented by appellee to the meeting of September 19, 1904, did not embrace any of the items now sued for. That bill then presented was in a paving matter alone while the record of the proceedings of the council shows that it was allowed as a paving item of expense.

The size of appellee's bill as presented on September 19, 1904, whether or not he had reasonably earned the money, and how members of the council then or later on regarded the allowance, were matters altogether foreign to the claims now made by appellee and could not in any way affect or defeat a recovery in this case. If the members of the council thought the paving bill of $2,000 too high,

objections should have been taken at that time. The fact that a large fee was allowed in payment for the services in the paving matter does not entitle appellant to any credit upon another charge not then presented or paid.

Appellant next argues that appellee was not regularly or properly employed by the city council and therefore cannot recover. This question was before the Appellate Court of the First District in Village of Harvey v. Wilson, 78 Ill. App. 544, where it was held that an employment of an attorney which rested solely upon the request of the members of the council and where no record was made, was sufficient to sustain an action for services rendered in pursuance to such request.

In the case at bar, the city council by motion unanimously passed and made a matter of record, duly engaged the services of appellee and after having had the benefit of the services rendered cannot now escape liability upon the ground that an ordinance would have been a better means of making the employment.

Appellant next assigns as error the action of the court on the "admission of evidence offered by appellant," but as no argument is offered to show in what the alleged error consists, the assignment of error will be treated as abandoned. Brewer & Hoffman Brewing Co. v. Boddie, 162 Ill. 346.

Appellant next contends that the court erred in the giving of instructions for appellee and in modifying and refusing some offered by appellant. Objection is first made that some of the instructions given for appellee attempted to summarize, but are faulty in not stating enough facts to warrant a recovery. This criticism however is not warranted in our judgment. The instructions criticised told the jury that appellee could recover if he showed by a preponderance of the evidence that he had been employed by appellant to perform services as an attorney in matters specified in

the evidence and that he had rendered the services and that the same had not been paid for. This was ample. The date of employment or the time when the services were rendered could not have been important in this controversy where the Statute of Limitations was not involved.

Instructions numbered two and three for appellee were correctly given as they merely told the jury that payments made upon matters other than those claimed in this case should not be considered by the jury. The holding of the court upon this instruction was in line with the previous ruling of the court upon the evidence and was correct.

Appellant's refused instruction number one stated the same subject-matter as that given by the court in appellant's first instruction given as modified. The court was not bound to state the rule a second time. The court committed no error in refusing appellant's third and fourth instructions as they related to what benefit or advantage appellant may have derived from the services rendered and to the skill, care and knowledge possessed by appellee, which were both subject-matters with which the jury had nothing to do under the issues as presented.

Other instructions are criticised as being misleading and not based upon the evidence and some of them may be open to the objections made; but to discuss them here would be to extend this opinion to undue length and can serve no good purpose, especially since it seems so conclusive that the work sued for in this case was not included in the bill allowed on September 19, 1904, and that no verdict, other than the one returned, could be sustained upon the evidence.

*Affirmed.*

Motion to tax cost of additional abstract of appellee denied.