**A. K. Stearns et al., Appellees, v. City of Zion, Appellant.**

### Gen. No. 5450.

MUNICIPAL CORPORATIONS—*when not liable for legal services.* A city cannot lawfully contract to pay for legal services rendered in a suit to which the city is not a party brought for the purpose of establishing the title to city offices.

Assumpsit. Appeal from the Circuit Court of Lake county; the Hon. ROBERT W. WRIGHT, Judge, presiding. Heard in this court at the October term, 1910. Reversed and remanded. Opinion filed March 16, 1911.

COOKE, POPE & POPE, for appellant.

LESLIE A. NEEDHAM and E. V. ORVIS, for appellees.

MR. JUSTICE DIBELL delivered the opinion of the court.

Stearns and Field brought this suit against the city of Zion for legal services rendered by them, chiefly in two suits, one in the Circuit Court of Lake county and one in the Supreme Court of Illinois.  They claimed $1,014.65 in an affidavit attached to the declaration, and on a jury trial had a verdict for the full amount claimed, from which they remitted $15, and a motion for a new trial was overruled and they had judgment for $999.65 from which the city appeals.

Many questions have been discussed.  It is contended that there is no proper or sufficient or lawful record showing the employment of appellees.  There is no proof that any appropriation was ever made to pay them, and it is disputed whether, under the pleadings, the appellees should have proved such an appropriation or the appellant should have proved that no such appropriation had been made.  We deem it unwise to discuss these questions now, because as to them the proof may be different upon another trial, which must follow.

Great confusion existed in the city of Zion after the municipal election of the spring of 1909.  Two bodies organized as the city council after said election and sat as such in different rooms at the same time. One of these bodies had the mayor, and the other had the clerk and the record of the council proceedings. The body having the mayor, and claiming to be the true council, demanded the possession of the returns of the election in order that it might canvass and declare the vote.  Stearns was present with the latter body, and claims to have been employed by it to take legal proceedings.  The first of the suits in which the most of these fees were earned was a petition filed in the Circuit Court of Lake county by I. J. Thurston and five others, claiming to be residents, voters and taxpayers of said city for more than two years last

prior thereto, and most of them candidates of the Republican party for the offices of aldermen, and to have been voted for and elected. The petition set up that the poll books and tally sheets were by the judges of election delivered to the city clerk; that the alleged council which had possession of the mayor convened and the clerk did not attend; that the mayor appointed a clerk *pro tem;* that said body appointed a committee of three to canvass the vote at the municipal election and directed the clerk to turn over to said committee the tally sheets and poll books; that the committee demanded the tally sheets and poll books of the clerk and he refused to produce them, whereby the city council was prevented from canvassing the vote. The petition prayed a writ of *mandamus,* commanding the city clerk to produce the poll books, tally sheets and ballots to said city council.

This was not a litigation instituted by the city through its city council, but a litigation instituted by individuals who claimed to have been elected to certain offices, and they sought the aid of the court to compel the production of the documents which would show the canvassing committee that they were so elected. Several of these men were holding over after an expired previous term. We are of opinion that the city could not lawfully contract to pay for legal services rendered in a suit to which the city was not a party, brought for the purpose of establishing the title of the petitioners to certain city offices to which they claimed to have been elected. If the city had power to have counsel to defend the city clerk in his official capacity, these attorneys were not hired for that purpose, but, on the contrary, to conduct a litigation against the city clerk in behalf of individuals. This lack of authority to make such a contract is announced in City of Chicago v. Williams, 182 Ill. 135. Whether these observations also apply to the suit in the Supreme Court, where a part of the fees here sued for are alleged to have been earned, will doubtless more

fully appear upon another trial. More than one-half of the sum here recovered was for services rendered in the *mandamus* case in the Circuit Court of Lake county, and the record does not show a case authorizing the city to contract for these services.

The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*