CHICAGO—FIRST DISTRICT—MAY, 1917.     511

Lindhout et al. v. City of Chicago Heights, 205 Ill. App. 511.

## Dennis K. Lindhout and J. C. K. Lindhout, copartners, trading as Lindhout & Lindhout, Appellants, v. City of Chicago Heights, Appellee.

### Gen. No. 21,791.

1. MUNICIPAL CORPORATIONS—*when resolution for employment of attorney ratified at subsequent meetings of council is binding.* A resolution of the city council of defendant, a municipal corporation, passed by the affirmative vote of eleven out of fourteen members thereof at an alleged illegal special meeting of the council, the minutes of which, together with such resolution, were presented to and approved by a subsequent regular meeting of the council at which were present the mayor and a majority of the members of the council, and the minutes of which regular meeting were approved by a subsequent regular meeting at which were present the mayor and all but one of the members of the council, *held* sufficient to bind the defendant to the employment of the plaintiffs as defendant's attorneys as provided in such resolution, and to justify the rendition of legal services by plaintiffs and entitle them to fair and reasonable compensation for such services when rendered.

2. MUNICIPAL CORPORATIONS, § 118*—*when city is liable for services of attorneys.* Where plaintiffs rendered legal services pursuant to request and promise of defendant, a municipal corporation, and defendant accepted and benefited by such services, which were rendered in good faith by plaintiffs, *held* that defendant could not avoid the obligation to pay for such services.

3. MUNICIPAL CORPORATIONS, § 45*—*when city council may employ counsel.* Where a proceeding in quo warranto was brought against the members of a board of local improvement created by an ordinance of defendant, a municipal corporation, which was claimed in such proceeding to be invalid, *held* that the city council of defendant had authority to retain legal counsel to defend it or any of its members against such proceeding.

4. MUNICIPAL CORPORATIONS, § 118*—*what constitutes ratification and allowance of claim for attorneys' fees.* Where the judiciary committee of the city council of defendant, a municipal corporation, recommended that a certain suit by plaintiffs against defendant be settled for a certain sum and that a judgment be entered for such sum against defendant in plaintiffs' favor, and the city council of defendant subsequently passed a resolution empowering and

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

directing the ·judiciary committee to have such judgment entered, *held* that such resolutions recognized defendant's liability in such suit and constituted a ratification and allowance of plaintiffs' claim therein.

5. MUNICIPAL CORPORATIONS, § 126*—*what evidence on behalf of plaintiff is improperly rejected where set-off interposed in action for attorneys' fees.* Evidence offered tending to show that certain amounts paid by defendant, a municipal corporation, to one of the plaintiffs, and claimed as a set-off in an action by plaintiffs to recover for legal services rendered to defendant, were paid pursuant to certain resolutions passed by the board of local improvements and the city council of defendant, and were paid by such plaintiff to certain stenographers and clerks which he, for the defendant, hired to perform certain work on city assessments, and that such plaintiff paid out to such persons for such work a certain amount in excess of the amount of such set-off allowed, *held* improperly rejected.

Appeal from the City Court of Chicago Heights; the Hon. CHARLES H. BOWLES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed and remanded. Opinion filed May 9, 1917.

LINDHOUT & LINDHOUT, *pro se* and FRANCIS X. BUSCH, for appellants.

CRAIG A. HOOD and EARL E. SMITH, for appellee.

MR. JUSTICE TAYLOR delivered the opinion of the court.

This is a suit against the City of Chicago Heights, ·for attorney's fees, for legal services rendered to the City of Chicago Heights by the appellants (hereinafter called plaintiffs). The claim for compensation for such services was based upon certain resolutions passed by the City Council of the City of Chicago Heights, and certain contracts entered into between the Judiciary Committee of the City Council of the City of Chicago Heights and the plaintiffs.

At the close of all the evidence, the trial judge, on

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

motion of the defendant, struck out all the evidence theretofore offered and received in support of the plaintiffs' claim, and entered judgment in favor of the defendant, on a plea of set-off, in the sum of $895.06.

On May 13, 1912, the city council of the defendant city, passed a resolution engaging "the services of said J. C. K. Lindhout to represent the City of Chicago Heights in all legal matters, and to continue to advise with this council at a remuneration to be determined later."

It is contended by the defendant city that the meeting of the city council on May 13, 1912, at which the resolution of employment was passed, was illegal. The call for the special meeting of May 13, 1912, was at the request of three aldermen of the defendant city, who gave notice that at the meeting there would be taken up and considered (1) resolutions concerning the office of city engineer, and (2) other resolutions and ordinances. The minutes of the meeting that was held on May 13, 1912, recite that the mayor "declared that the meeting was not legal, owing to the fact that the call was not specific enough, and therefore stated that the city council meeting was not in session"; that a motion was then carried to take a recess for thirty minutes; that after a thirty-minute recess the meeting was again called to order; that the mayor stated that he considered the special council meeting adjourned; that one of the aldermen then moved that Alderman Johnston act as chairman of the meeting, which motion was carried; that thirteen of the aldermen of defendant city, out of fourteen (one being ill), were present at the meeting; that at that meeting the resolution was passed employing Lindhout.

On May 20, 1912, at a regular meeting of the city council of the defendant, at which were present the mayor and a majority of the aldermen, the minutes of

the special meeting of May 13, 1912, which included the resolution of employment, with the exception of an immaterial amendment, were approved. Also at a regular meeting of the city council of the defendant, held on June 3, 1912, at which were present the mayor and all of the aldermen but one (who was absent on account of illness), the minutes of the meeting of May 20, 1912, were approved.

In the case of *City of Shawneetown v. Baker,* 85 Ill. 563, the court says: "Without examining that question, we think it is sufficient that, at the regular meeting of the council subsequently held, the minutes of the special meeting were read and approved, which is equivalent to a ratification of what was done at that meeting."

We are of the opinion that the resolution of the city council of the defendant, passed on May 13, 1912, engaging the services of J. C. K. Lindhout in all legal matters, etc., which was approved by the affirmative vote of eleven out of the fourteen aldermen, and which resolution and the minutes of that meeting were presented to the regular meeting of the city council of the defendant on May 20, 1912, at which were present the mayor and ten aldermen, and were approved, and which resolution was again presented to the regular meeting of the city council of the defendant, held on June 3, 1912, at which were present the mayor and all of the aldermen but one (who was ill), and approved, was sufficient to bind the defendant and to justify the rendition of legal services by the plaintiffs and entitle them, when such services were rendered, to fair and reasonable compensation therefor. *Village of Harvey v. Wilson,* 78 Ill. App. 544.

Prior to May 20, 1912, a controversy having arisen in regard to certain street improvements, as to whether they should be of asphalt or brick, or other material, and the board of local improvements then

consisting of the mayor, the city engineer and the street commissioner, the aldermen of the defendant city undertook to change the ordinances so as to provide for a board of local improvements differently constituted. Accordingly on May 20, 1912, the city council passed, over the veto of the mayor, an ordinance providing for a board of local improvements, consisting of the mayor, the superintendent of streets, and one alderman from each of the seven wards composing the city. Subsequently, in September, 1912, quo warranto proceedings were instituted, which challenged the ordinance creating the new board, and which undertook to oust the members of the new board.

On September 30, 1912, at a special meeting, the city council authorized and instructed the judiciary committee "to employ counsel for the defense in the quo warranto proceedings, and that Horace S. Oakley, of Chicago, be engaged as consulting attorney to said counsel," and on October 7, 1912, at a regular meeting, the city council of defendant adopted the recommendation of the judiciary committee, which was to the effect "that it engage the services of the law firm of Lindhout & Lindhout (the plaintiffs) and H. S. Oakley, of the law firm of Wood & Oakley, to defend the interests of the City of Chicago Heights in the suit, and to defend the Aldermen and the Board of Local Improvements of the City of Chicago Heights, in the suit of quo warranto proceedings brought against them," and recommended "that said counsel be paid the usual and customary reasonable attorney fees in such kind of cases, and that the court and litigation expense fund and the fund to pay the legitimate expenses of the city for corporate purposes and not otherwise appropriated for or so much thereof as may be necessary be appropriated to pay for said legal services."

In regard to legal services, the evidence shows that the plaintiffs rendered approximately a total of one hundred and sixty-three days of service in defending the city and aldermen against the quo warranto proceedings, and in supporting the legality of the ordinance.

It is contended, however, by the defendant city, that the proceedings of the city council of September 30, 1912, and of October 7, 1912, were illegal; also that the legal services rendered did not benefit the defendant, and that the defendant was not interested, either directly or indirectly, in the outcome of the action, and is therefore not liable.

The position of the defendant, however, is entirely untenable. The law will not permit the defendant city to avoid its legitimate obligations. The plaintiffs rendered their services, pursuant to the request and promise of the defendant city, and the defendant accepted and benefited by the plaintiffs' services, which were rendered in good faith, and there is now no way to avoid liability.

The quo warranto proceedings which were brought against the members of the new board of local improvements were brought against them not because of any lack of personal qualifications, or for any reason that pertained to the members personally and not officially, but because it was claimed and alleged that the ordinance which created those positions was invalid. That the city council of the defendant had authority to retain the plaintiffs to defend it, or any of its members, against a proceeding which undertook to impugn the validity of the ordinance creating the board of local improvements, cannot be considered a matter of doubt.

As to legal services which were rendered by the plaintiffs exclusive of those in the quo warranto proceedings: There was presented to the city council of the defendant, on October 7, 1912, and adopted, a reso-

lution which recites that the judiciary committee, to which was referred the settlement of the suit of the plaintiffs against the City of Chicago Heights, "believe that the special committee which determined that $7,500 was a reasonable settlement of the above claim did so after careful investigation, and upon honest and sufficient belief and data," and the judiciary committee accordingly recommended that the suit be settled for $5,000 and that a judgment be entered against the defendant for that sum, in favor of the plaintiffs. The resolution also gave authority and direction to the city clerk as to the payment of said sum, which resolution was carried by a vote of seven to five.

On October 21, 1912, at a regular meeting of the city council of the defendant, another resolution was presented and passed, to the effect that the "judiciary committee be fully empowered and directed to have judgment entered against the city according to the accepted recommendation of said committee, in Lindhout Brothers' suit, and to engage legal counsel therefor, if necessary, to represent the city and to carry out these directions."

We are of the opinion that the foregoing resolutions constituted a ratification and allowance of the plaintiffs' claim. That account, which was for legal services outside of those in the quo warranto proceedings, was a debt for which the city was liable, and by the foregoing resolutions it recognized its liability.

The judgment of set-off in the sum of $895.06, which was entered against the plaintiffs, seems to be based upon eight vouchers which were paid to J. C. K. Lindhout, one of the plaintiffs, while he was corporation counsel for the defendant city, at a salary fixed by ordinance. The trial court seems to have acted on the theory that J. C. K. Lindhout had illegally received that amount and that therefore it could be recovered back upon a set-off in an action brought against the city.

The plaintiffs, in defense thereof, offered certain resolutions of the city council of the defendant and of the board of local improvements in an endeavor to show that the amounts so paid were not additional compensation for services, but were in repayment of stenographic and clerical expense in connection with the spreading of the special assessments to which the vouchers related.

We are of the opinion that the evidence offered by the plaintiffs, which tended to prove that the amounts of money claimed by the defendant by way of set-off, were paid to J. C. K. Lindhout, pursuant to certain resolutions of the board of local improvements and the city council, and which tended to show that J. C. K. Lindhout, for the defendant city, hired stenographers and clerks who did the work on certain assessments; that they were hired for the City of Chicago Heights; that he paid out to those stenographers and clerks over $1,000 in excess of the amount of the defendant's set-off, and that none of the money went into his own pocket, but went to pay stenographers and clerks for the defendant city, who did clerical work connected with the spreading of the special assessments, was improperly rejected and should have been received in evidence.

For manifest error in striking out the evidence of the plaintiffs' claim and refusing to admit evidence offered by the plaintiffs in defense of the set-off, the judgment is reversed and the cause remanded.

*Reversed and remanded.*