**Harley A. Greene, Plaintiff-Appellant, v. City of Danville, Defendant-Appellee.**

**Gen. No. 9,889.**

Opinion filed June 16, 1953. Released for publication July 2, 1953.

JOHN R. DEAN, of Danville, for appellant.

V. W. McINTIRE, Corporation Counsel, of Danville, for appellee.

MR. JUSTICE CARROLL delivered the opinion of the court.

Plaintiff brought this action in the circuit court of Vermilion county against the City of Danville, a municipal corporation, to recover the sum of $2,270.80 allegedly due him for rental of certain parking areas.

The complaint as amended in substance alleges that on October 12, 1948, the defendant, acting through its mayor, and the plaintiff made an oral agreement whereby the defendant leased from the plaintiff 14 parking spaces for use by the defendant in parking city vehicles and agreed to pay plaintiff a reasonable rental therefor; that each year while said agreement

was in effect a proper appropriation was made by the defendant to cover the expense originating thereunder; and that a reasonable rental for each space is $.20 per day.

The defendant moved to strike the amended complaint on the ground that it failed to allege facts showing any action of the City Council authorizing the mayor to make the contract in question or ratifying the same, and that the defendant was without power to make such contract without a prior appropriation providing for the payments required thereunder. The court sustained the motion and the plaintiff electing to stand by his amended complaint, the court dismissed the cause and entered judgment for the defendant in bar of the action.

The sole question presented by this appeal is whether plaintiff's amended complaint states a cause of action against the defendant city.

It is admitted by the plaintiff that no resolution or ordinance was adopted by the defendant authorizing the mayor to make the oral contract sued upon and that the statutes and ordinances prescribing the procedure to be pursued by a city in the making of a contract were not followed. He bases his claim to a right to recover in this action upon an implied contract arising from the use of the plaintiff's parking spaces by the defendant for a period of over two years whereby the defendant has become obligated to pay for such use and is now estopped to deny liability.

Defendant takes the position that the alleged contract created no liability against the city because the mayor was not authorized by the City Council to enter into the same as required by law and the ordinances of said city and for the further reason that no appropriation was made by the defendant to pay the consideration specified in the said contract.

442

 Sec. 15—3, chap. 24, Ill. Rev. Stat. 1951 [Jones Ill. Stats. Ann. 21.1386] provides as follows: "No contract shall be made by the corporate authorities, or by any committee or member thereof, and no expense shall be incurred by any of the officers or departments of any municipality, whether the object of the expenditure has been ordered by the corporate authorities or not, unless an appropriation has been previously made concerning that contract or expense. Any contract made, or any expense otherwise incurred, in violation of the provisions of this section shall be null and void as to the municipality, and no money belonging thereto shall be paid on account thereof." Sec. 29, chap. 5 of the Revised Ordinances of the City of Danville provides as follows: "Authority to Make Contracts. Sec. 29. No officer of this city shall make any contract unless lawfully authorized to do so either by the laws of the state or by the ordinances of the city or some action of the City Council."

While the amended complaint alleges that the defendant during the years 1948, 1949, and 1951 made a suitable and proper appropriation to cover the cost created by the alleged contract, and recites the amounts appropriated during said years for judgments and claims, for miscellaneous expenses, and for acquiring, equipping, and maintaining parking lots, we fail to find any allegation in said complaint that an appropriation was made by the defendant to cover the cost of parking spaces. The above quoted section of the statute, sec. 15—3, chap. 24 *supra* expressly states that any contract made in violation of the provisions of said section shall be void as to the municipality. Therefore the contract upon which the plaintiff brings suit in this case does not bind the defendant. In *DeKam v. City of Streator*, 316 Ill. 123, the court, in holding void a contract between a city and an engi-

neer because no prior appropriation had been made concerning the same, said: "A contract expressly prohibited by a valid statute is void. This proposition has no exception, for the law cannot at the same time prohibit a contract and enforce it. The prohibition of the Legislature cannot be disregarded by the Courts." The above decision was cited and followed in *Galion Iron Works & Mfg. Co. v. City of Georgetown,* 322 Ill. App. 498, and in many other cases.

Plaintiff argues that despite the fact that the contract under consideration was made without compliance with the applicable statutory requirements and in disregard of the ordinances of the City of Danville, the defendant is nevertheless liable thereon, because it has accepted benefits thereunder and is now estopped to deny liability. With this contention we cannot agree. In *DeKam v. City of Streator, supra,* it was held that a city cannot be estopped to dispute the validity of a contract which it had no power to make on the ground that it has received the consideration therefore. In the case of *Arnold v. Village of Ina,* 244 Ill. App. 239, where the facts were similar to those in the case at bar, the court rejected a contention by appellees in that case that because work had been done under a contract and appellant had received the benefit of it, appellee should be permitted to recover. The court, referring to the *DeKam* case, *supra,* said: "The Court also held that everyone is presumed to know the extent of the powers of a municipal corporation, and it cannot be estopped to aver its incapacity, which would amount to conferring power to do unauthorized acts simply because it has done them and received the consideration stipulated for." In this case, it is alleged in the complaint that the mayor of the defendant city made the alleged contract with plaintiff. That he had no authority to make such contract is apparent. To now hold that the unauthorized acts of the mayor created a

444

liability against the defendant because it has used the parking spaces would amount to nullifying the statutes and the above quoted ordinance governing the powers of said municipality. Our Supreme Court, in the case of *Roemheld v. City of Chicago,* 231 Ill. 467, said: "Where there is a statute or ordinance prescribing the method by which an officer or agent of a municipal corporation may bind the municipality by contract, that method must be followed, and there can be no implied contract or implied liability of such municipality. Where the agents of a city are restricted by law as to the method of contracting, the city cannot be bound otherwise than by a compliance with the conditions prescribed for the exercise of the power. (*School Directors v. Fogleman,* 76 Ill. 189; *Tamm v. Lavalle,* 92 id. 263; *Rogne v. People,* 224 id. 449.) The performance of work or furnishing material for a city and the acceptance of the resulting benefits will not render it liable to pay if the work was not authorized. The fact that the labor is beneficial will not create a liability. (*Hope v. City of Alton,* 214 Ill. 102.)"

Among the cases cited by plaintiff in support of his contentions are *Westbrook v. Middlecoff,* 99 Ill. App. 327; *Village of Harvey v. Wilson,* 78 Ill. App. 544. The Supreme Court, in *DeKam v. City of Streator, supra,* held that both of the above cases were erroneously decided. Plaintiff also cites *City of East St. Louis v. East St. Louis Gas Light & Coke Co.,* 98 Ill. 415. In that case the question of the power of a city to make a contract was not involved, and hence it is not applicable to the facts in the instant case. The same may be said of *Great Lakes Dredge & Dock Co. v. City of Chicago,* 353 Ill. 614, in which case the question at issue was whether the city could be held liable for extras furnished under a valid contract. In *McGovern v. City of Chicago,* 281 Ill. 264, relied upon by plaintiff, the court dealt with a contract which the defendant claimed

to be *ultra vires,* and clearly pointed out that a contract entered into by a municipality which is prohibited by an express provision of the law is void and cannot be rendered valid by any act of the municipality ratifying the same. This decision supports the contention of the defendant rather than that of the plaintiff. Upon examination of the other authorities submitted by plaintiff, this court is convinced they do not sustain plaintiff's theory.

This court is of the opinion that plaintiff's complaint did not state a cause of action against the defendant. The judgment of the trial court is therefore affirmed.

*Affirmed.*