GEORGE N. GUERINE, Plaintiff-Appellant, *v.* CITY OF NORTHLAKE, *et al.*, Defendants-Appellees.

(No. 54584;

First District—September 15, 1971.

Miller and Concannon, of Chicago, (Raymond P. Concannon, of counsel,) and Joseph B. Lederleitner for appellant.

Donald J. Kreger, Robert M. Karton and Joseph J. Kozlowski, of Chicago, for appellees.

Mr. PRESIDING JUSTICE ADESKO delivered the opinion of the court:

Plaintiff, George N. Guerine, an attorney, brought an action against defendant City of Northlake and two city police officers, Marvin Davies and Charles Faciano, for attorney's fees and costs incurred in the defense of said police officers who were charged with criminal offenses. On cross motions for summary judgment, the trial court found the issues in favor of the defendant City. Plaintiff appeals from that judgment, contending (1) that the City has an implied power to hire counsel to defend officers charged with offenses arising out of the discharge of their duties, and (2) even if the city officials lacked power to act without resolution, the City is still liable for legal fees because it acquiesced in and ratified the result. A statement of the facts follows. (The facts repose in the pleadings, depositions and other documents filed of record.)

The complaint is by the plaintiff-appellant as an attorney against the defendant-appellee as a municipality, for fees and costs incurred in the defense of the co-defendant police officers of the defendant City. Plaintiff alleged and deposed that the police officers became involved in a shooting incident which originated in an automobile chase with a group of youths. The officers were indicted by the State's Attorney for aggravated battery. Plaintiff had a close relationship with the City of Northlake and its officials since he had been prosecutor for the defendant City for about 4½ to 5 years. When told of the shooting incident by one of the officers, plaintiff told the police officer to consult the corporation counsel for a defense. The police officers told plaintiff that Henry E. Neri, Mayor of the City of Northlake, told the officers to hire an expert lawyer and the City would take care of the bill. The officers then told the Mayor of the preference for plaintiff as their attorney. Some days later, Mayor Neri came to plaintiff's law office, told him to go ahead and defend the two officers and not to worry about it. Although a retainer was not requested, fees were discussed on the basis of the Chicago Bar Schedule. The Mayor said that he would see that plaintiff would receive something through the mail employing plaintiff as counsel. Plaintiff told the Mayor to have the officers bring him the warrants and indictment.

Plaintiff never received a letter or communication from the City or

the Mayor employing him. Plaintiff told the Mayor many times that neither the City nor its Manager sent him any communication. The Mayor repeatedly told the plaintiff not to worry about it. The Mayor also told plaintiff that the City paid another attorney, John Knight, for defending Police Chief Glass on a battery charge and that plaintiff had nothing to worry about.

Meanwhile, plaintiff defended the two police officers in the circuit court and the Appellate Court. Plaintiff was successful in having the indictments against the officers quashed. The police officers were restored to their original status with back pay. Plaintiff's bill for legal services rendered and costs amounted to $6,042.30. Plaintiff had no contract of employment with the police officers.

Plaintiff and the two police officers spoke to a few of the city councilmen about the matter. One of the councilmen stated he thought it was unfair for an officer to have to go through legal expenses much more than his salary. Plaintiff submitted his bill for fees and costs to the council before Mayor Neri and one of the councilmen were removed from office. At the council meeting, Mayor Neri stated the bill should be paid. This was seconded by a few of the councilmen. The city attorney suggested that he would study the legal aspects of the problem and that the motion should be tabled. At the next city council meeting, the city attorney stated there was no precedent in the State of Illinois for legal payment of this type of bill and that in his opinion the City was not liable for attorney's fees. The city council abided by the opinion of the city attorney and did not pay the fees.

The issue in the case is whether the city is liable for legal services rendered to defend two of the city's police officers as a result of certain oral assurances made by the city's Mayor. Illinois courts have considered similar issues in the following cases:

In *Stearns v. City of Zion* (1911), 160 Ill.App. 414, individuals who claimed to have been elected to certain municipal offices in a contested election hired an attorney to establish their title to those elective offices through litigation. In a suit by the attorney against the city for unpaid legal services rendered to the officials, the court held that a city cannot lawfully contract to pay for legal services rendered in litigation to which the city was not a party.

In *City of Chicago v. Williams* (1899), 182 Ill. 135, the court held that the corporation counsel did not have a duty to defend, at the expense of the city, policemen sued for false imprisonment since the city was not a party. The court also held that the City had no right to contract for stenographic work at the same trial since a city is authorized by its charter to appropriate money for corporate purposes only.

■■ Since these decisions, section 1—4—6 for chapter 24 of the Illinois Revised Statutes was adopted, which provides:

"In case any injury to the person or property of another is caused by a member of the police department of a municipality having a population of less than 500,000, while the member is engaged in the performance of his duties as a policeman, and without contributory negligence of the injured person or the owner of the injured property . . . the municipality in whose behalf the member of the municipal police department is performing his duties as a policeman shall indemnify the policeman for any *judgment* recovered against him as the result of such injury, except where in the injury results from the willful misconduct of the policeman, to the extent of not to exceed $50,000 including costs of the suit * * *." Emphasis ours.

This statute which provides for the indemnification of police officers by their municipalities, applies expressly to civil proceedings. Under this statute, a city cannot be held responsible for the defense of its police officers when they are charged with crimes. We are of the opinion, therefore, that the statute does not alter the principle set forth in *Stearns v. City of Zion, supra,* and *City of Chicago v. Williams, supra,* as that principle still applies to criminal proceedings against policemen. Only a change in the statute can produce a different result.

The cases cited by plaintiff are distinguishable from the instant case for major reasons. In *Lindhout v. City of Chicago Heights* (1917), 205 Ill.App. 511, the city council passed a resolution for the employment of an attorney for services to benefit the city and not merely third parties. In *Allen v. Treat* (1966), 72 Ill.App.2d 466, 218 N.E.2d 250, the municipality became obligated to pay plaintiff for certain road work performed since it was within the power of the municipality to contract and appropriate money for such services.

Section 8—1—7 of chapter 24 of the Illinois Revised Statutes provides, with regard to appropriations and resolutions, as follows:

"No contract shall be made by the Corporate Authorities or by any Committee or member thereof, and no expense shall be incurred by any of the officers of departments of any municipality, whether the object of the expenditure has been ordered by the Corporate Authorities or not, *unless an appropriation has been previously made,* or any expense otherwise incurred, in violation of the provisions of this Section shall be null and void as to the municipality, and no money belonging thereto shall be paid on account thereof." Emphasis ours.

In the instant case, although plaintiff alleges that oral assurances and encouragements were given to him by the Mayor and various councilmen, the fact remains that no appropriation was made by the City for

the defense of the two police officers. Oral assurances cannot bind the municipality. *Green v. City of Danville* (1953), 350 Ill.App. 440, 113 N.E.2d 348. Because no appropriation was made by the city, plaintiff cannot recover from the city for services rendered to third parties. We appreciate the comment of the trial court in this case that "this court has the greatest sympathy for the almost impossible position of the defendant policemen in this case. Here in the *bona fide* performance of their police duties, they became subject to criminal indictment from which they were exonerated. Now to whom shall they turn for financial help? Of necessity they must rely upon the people of their City whom they were protecting."

Since the statute does not impose a duty upon the City to defend policemen charged with criminal offenses and since the City did not in fact appropriate funds for the defense of the two policemen, we are compelled to affirm the judgment of the circuit court of Cook County.

Judgment affirmed.

BURMAN, and DIERINGER, JJ., concur.