In the Matter of the Application of ———— UTERHART and Another, Petitioners, for a Peremptory Order of Mandamus against the COMPTROLLER OF NASSAU COUNTY, Respondent.*

Supreme Court, Kings County, January 28, 1927.

*Henry Uterhart*, for the petitioners.

*P. F. Wiederum*, for the respondent.

CALLAGHAN, J. This is an application for a peremptory order of mandamus to compel the comptroller of Nassau county to audit the

claim of the petitioners for counsel fees in defending Will F. Phillips, a deputy sheriff and acting chief of police of Nassau county, upon a criminal charge in connection with his official duties. The statute, section 240, subdivision 18, of the County Law, provides that costs and expenses lawfully incurred by a county officer in defending such officer for an act done in his official capacity may be made a county charge by a majority vote of all the members of the board of supervisors. The petitioners, who are attorneys, successfully defended Phillips upon the indictment made upon the charge of malfeasance in office. He was acquitted on one count of the ndictment, and the other was dismissed. The board of supervisors, by resolution, have made the charges for such defense a county charge by a unanimous vote of the board, but the respondent, the county treasurer, refuses to audit the claim for the reason, as he contends, that Phillips is not one of the persons mentioned in section 240, subdivision 18, of the County Law. There is no doubt that it was within the contemplation of the statute that a county officer, who successfully defended himself against a criminal charge, should have the expenses for such defense borne by the county (*Matter of Kane* v. *McClellan,* 110 App. Div. 44), and there is no doubt that a deputy sheriff is a county officer within the meaning of that section. (1923 Opinions Attorney-General, p. 225.) That was a claim made for payment by a deputy sheriff of moneys necessarily expended by him under the direction of the sheriff in playing slot machines to procure evidence of the commission of crime. It was necessarily held in authorizing such payment that a deputy sheriff was a county official; besides, the Legislature, by section 240-a of the County Law (as added by Laws of 1923, chap. 378), has recognized that a deputy sheriff while injured on duty was entitled to compensation when such compensation is authorized by the board of supervisors.

I hold, therefore, that Phillips was a county officer within the meaning of section 240, subdivision 18, of the County Law, and that the comptroller should audit his claim and pass it for payment.