UNITED STATES of America,
Plaintiff,

v.

**WAYLYN CORPORATION,**
Defendant.

UNITED STATES of America,
Plaintiff,

v.

**GARDEN CORPORATION,** Defendant.

UNITED STATES of America,
Plaintiff,

v.

**PIEDMONT CORPORATION,**
Defendant.

UNITED STATES of America,
Plaintiff,

v.

**OKLAHOMA CORPORATION,**
Defendant.

UNITED STATES of America,
Plaintiff,

v.

**HILL CORPORATION,** Defendant.

UNITED STATES of America,
Plaintiff,

v.

**PONCE DARLINGTON, Inc., and Otis**
Elevator Company, Defendants.

UNITED STATES of America,
Plaintiff,

v.

**RIO PIEDRAS DARLINGTON, Inc. and**
Otis Elevator Company, Defendants.

UNITED STATES of America,
Plaintiff,

v.

**MAYAGUEZ DARLINGTON, Inc. and**
Otis Elevator Company,
Defendants.

Civ. Nos. 8637–8767, 8768, 8805.

United States District Court
D. Puerto Rico, San Juan Division.

May 3, 1955.

784

Ruben Rodriguez Antongiorgi, U. S. Atty., San Juan, Puerto Rico, for plaintiff.

William G. Grant, B. F. Sanchez and Garrard Harris, San Juan, Puerto Rico, for defendants.

RUIZ-NAZARIO, District Judge.

These are actions by the United States of America to recover on mortgage notes, given by the respective defendants to the Manufacturer's Trust Co. The loans secured by the mortgages were insured by the Federal Housing Administration pursuant to the provisions of the National Housing Act, 12 U.S.C.A. § 1702 et seq. Upon the default of the mortgagors, the mortgagee's assignee, International Securities Corporation, assigned the notes to the Federal Housing Commissioner, who was acting on behalf of the United States.

The United States of America is, therefore, the real party in interest in these proceedings and the fact that the Federal Housing Commissioner may be authorized to sue and be sued in his official capacity does not in any way convert these into actions brought by the Commissioner. United States v. Summerlin, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283. It was precisely on this ground that the court, by its orders entered in these cases on December 22, 1953, denied defendants' motions to dismiss the complaints.

■ Defendant corporations have counterclaimed for an amount in excess of the government's claims, and the government has moved the Court to dismiss the counterclaims both for want of jurisdiction and for failure to state a claim upon which relief can be granted. The counterclaims sound in Tort, claiming as they do, in civil actions Nos. 8637 through 8641, damages in amounts exceeding the sums claimed by the plaintiff in each case, allegedly suffered because the Federal Housing Administration (1) wilfully and arbitrarily withheld occupancy permits and (2) wilfully and unlawfully caused the publication of a certain news article or announcement, the import of which was that defendant corporations were without authority to sell the buildings covered by said mortgages, and in Civil Actions Nos. 8767, 8768 and 8805, first counterclaims thereof, damages allegedly suffered because the Federal Housing Administration, as a preferred stockholder of the defendant corporations under the law, allegedly acting in a fiduciary relationship, breached its trust derived from said fiduciary relation, in not doing certain things to enable defendants apartment buildings to become self-supporting and self-liquidating, by not taking over the operation of said apartment buildings and by bringing these foreclosure proceedings, and in the second counterclaims thereof, damages allegedly suffered because the Federal Housing Administration called for certain alleged illegal, unreasonable, unjustified and unwarranted requirements in connection with the construction of said apartment buildings, not called for by the plans, specifications or contract documents, resulting in the delay of the completion of the buildings for many months and in the loss of interest on the money invested and the loss of the rentals therefrom. The aggregate of the amounts claimed as damages in the two counterclaims of each of these last three actions is much in excess of the respective sums claimed by the plaintiff in its complaints in each of said actions respectively.

Rule 13(d) of the Fed.Rules Civ.Proc. 28 U.S.C.A., provides as follows:

"(d) Counterclaim Against the United States. These rules shall not be construed *to enlarge beyond* the *limits now fixed by law* the right to assert counterclaims or to claim credits against the United States or an officer or agency thereof." (Emphasis supplied.)

Thus, notwithstanding the broad language of all other provisions of Rule 13, it is the court's duty in these actions, under the above quoted paragraph (d) of said rule, to inquire whether the United States has waived its sovereign immunity as to the particular claims which are the subject of defendants' counterclaims.

■ Defendants accept the well established principle that the sovereign cannot be sued without its consent, with its concommitant that it is not subject to counterclaim except where, by legislative consent, an independent action could have been brought against the government. United States v. Shaw, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888; United States v. Davidson, 5 Cir., 139 F.2d 908; United States v. Hosteen Tse-Kesi, 10 Cir., 191 F.2d 518.

Sections 1702-1743 of Title 12 U.S.C.A. are invoked by defendants, in their counterclaims, as the statutory authorization to plead these in the present actions, and they cite Federal Housing Administration, Region No. 4 v. Burr, 309 U.S. 242, 60 S.Ct. 488, 84 L.Ed. 724, as supporting their view that immunity has been waived under the aforesaid statutory provisions.

■ It is true that the first of said sections, Sec. 1702, Title 12, so far as material here provides:

"The *Commissioner shall,* in carrying out the provisions of this subchapter and subchapters II, III, VI–VIII, and X of this chapter, be authorized, in his official capacity, to sue and *be sued* in any court of competent jurisdiction, State or Federal." (Emphasis supplied.)

And it is also true that, under the ruling of Federal Housing Administration, Region No. 4 v. Burr, supra, the above quoted provision of said section constitutes a waiver of immunity under the circumstances, for the specific purposes and within the limitations prescribed by Congress.

■ But it is none the less true that waiver of immunity cannot be extended by the courts more broadly than has been directed by the Congress, United States v. Shaw, supra, and that when Congress, by Section 1702, waived immunity as to actions brought *against The Federal Housing Commissioner*, in connection with his carrying out the provisions of the Housing Act therein specified, the Congress cannot be understood by the Courts as having waived immunity as to actions against the United States of America proper, or against any other officer, agency or instrumentality thereof, other than the Federal Housing Commissioner himself, in his official capacity, and even as to the latter the waiver of immunity is restricted to the specific matters specified therein and to no other matters whatsoever.

■■ As stated in the opening paragraphs of this opinion, it has already been ruled by the court, following United States v. Summerlin, supra, that the United States of America, as the real party in interest is the only plaintiff in all these actions.

The Federal Housing Commissioner has been, thus, held not to be the party plaintiff herein.

Therefore, the waiver of immunity granted by Section 1702 of Title 12 U.S. C.A. is of no concern here.

Defendants' contention is that although the consent to be sued has been conferred in terms as against the Federal Housing Commissioner, as he is a mere nominal party, the real party in interest being the sovereign, the waiver of immunity attached to the Commissioner by 12 U.S.C.A. § 1702, somehow flows back to the fountain head, making the sovereign amenable to suit. Some support for this theory of a retrograde flow of waiver might perhaps be found in the use of the phrase "in his official capacity" found in the last sentence of Sec. 1702. But this phrase means only his capacity when acting for and in behalf of the Federal Housing Administration. See Federal Housing Administration Region No. 4 v. Burr, supra, 309 U.S. at page 250, 60 S.Ct. at page 492, where it is said that "Hence action by him in the name of the Federal Housing Administration would be action in his official capacity."

The Federal Housing Administration, Region No. 4 v. Burr case indeed, disposes of defendants' contentions by an outright statement that the United States has not waived its immunity by endowing its Housing Administrator (now Commissioner) with the authorization to sue and be sued. After holding that the Federal Housing Administration is subject to being garnished, under state law, for moneys due an employee, the courts states as follows:

"Petitioner claims that execution should not have been allowed under the judgment. The Act permits the Administrator 'to sue and be sued in any court of competent jurisdiction, State or Federal.' Whether by Michigan law execution under such a judgment may be had is, like the availability of garnishment, Federal Land Bank [of St. Louis] v. Priddy, supra [295 U.S. 229, 55 S.Ct. 705, 79 L.Ed. 1408], a state question. And so far as the federal statute is concerned, execution is not barred, for it would seem to be part of the civil process embraced within the 'sue and be sued' clause. *That does not, of course, mean that any funds or property of the United States can be held responsible for this judgment. Claims against a corporation are normally collectible only from corporate assets*. That is true here. Congress has specifically directed that all such claims against the Federal Housing Administration of the type here involved 'shall be paid out of funds made available by this Act.'

**§ 1.** Hence those funds, and only those, are subject to execution. The result is that only those funds which have been paid over to the Federal Housing Administration in accordance with § 1 and which are in its possession, severed from Treasury funds and Treasury control, are subject to execution. *Since no consent to reach government* funds has been given, execution thereon would run counter to Buchanan v. Alexander, supra [4 How. 20, 11 L.Ed. 857]. *To conclude otherwise would be to allow proceedings against the United States where it had not waived its immunity.* This restriction on execution may as a practical matter deprive it of utility, since funds of petitioner appear to be deposited with the Treasurer of the United States and payments and other obligations are made through the Chief Disbursing Officer of the Treasury. But that is an inherent limitation, under this statutory scheme, on the legal remedies which Congress has provided. And since respondent obtains its right to sue from Congress, it necessarily must take it subject to such restrictions as have been imposed. The fact that execution may prove futile is one of the notorious incidents of litigation, as is the fact that execution is not an indispensable adjunct of the judicial process." (Emphasis supplied.)

It is apparent, therefore, that the United States did not waive immunity from suit by waiving such immunity in respect of the Federal Housing Commissioner.

## II

■ The only remaining ground on which the counterclaims could be permitted would be in connection with the waiver of immunity contained in the Federal Tort Claims Act.* 28 U.S.C.A. §§ 1346(b), 2671–2680.

A defendant with a claim within its coverage could possibly avail himself of it by way of counterclaim. United States v. Silverton, 1 Cir., 200 F.2d 824. United States v. Yellow Cab Co., 340 U. S. 543, 71 S.Ct. 399, 95 L.Ed. 523.

However, the Federal Tort Claims Act is not available to defendants, as Section 2680 expressly provides:

"Exceptions. The provisions of this chapter and section 1346(b) of this title shall not apply to—(a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."

The acts of the Administrator on which the counterclaims are bottomed are obviously an exercise of a discretionary function and fall within the exception cited above. Thus this court is without jurisdiction to entertain the counterclaims on a Tort Claims Act basis, as the exception constitutes an express limitation of the government's waiver of immunity.

For the reasons above stated, the motions to dismiss the counterclaims of each of the defendants in these actions are granted, and the said counterclaims are hereby dismissed.

It is so ordered.

---

* 28 U.S.C.A. 1346(a) (2) is of course inapplicable as the amount claimed in each of the counterclaims is in excess of $10,000.