Mary MORRISON, Executrix of the Estate
of John R. Morrison, Deceased,
Appellee,

v.

STATE of Iowa, Appellant.

No. 54011.

Supreme Court of Iowa.

Sept. 2, 1970.

Rehearing Denied Oct. 12, 1970.

———◆———

Richard C. Turner, Atty. Gen., and David S. Sather, Special Asst. Atty. Gen., for appellant.

Wendell Pendleton, Storm Lake, and Alan Vest, Sac City, for appellee.

BECKER, Justice.

This is an action for wrongful death brought by the executor of the estate of John R. Morrison, M. D. The proceeding was commenced under the Iowa Tort Claims Act, Iowa Code, 1966, chapter 25A, was tried to the court and resulted in judgment for plaintiff. The State, as defendant, appeals. We affirm.

We adopt the State's succinct statement of facts:

"On August 7, 1965, units of the Iowa Army National Guard, including the 1063rd Aviation Company based at the Waterloo Municipal Airport were conducting their annual field training at Camp Ripley, Minnesota.

"John R. Morrison, a retired member of the Iowa Army National Guard had been invited to attend activities known as Governor's Day, held annually at Camp Ripley. Mr. Morrison had flown up to Camp Ripley on August 5, 1965 on board a National Guard aircraft and was returning to Sac City, Iowa on August 7, 1965 on board a two-seater National Guard aircraft piloted by James L. Gray, a member of the 1063rd Aviation Company when the aircraft crashed in fog near Watkins, Minnesota. Both Mr. Gray and Mr. Morrison were killed in the crash."

The State stipulated the crash was proximately caused by the negligence of the national guard pilot and does not raise any issue as to the amount of the damages awarded.

The sole question is whether or not the pilot of the national guard plane was an employee of the State under the State Tort Claims Act at the time of the crash.

The problem presented is wholly a matter of statutory construction. The Iowa Constitution, Article VI, provides for a State militia to be armed, equipped and trained as provided by the legislature. The Department of Public Defense of the State is designated a public agency. Section 29.1, Code, 1966. The military forces of the State are the national guard and the militia, section 29A.6, operated under the governor as commander-in-chief and

the adjutant general as chief executive officer, section 29.2, section 29A.11.

The Iowa national guard is a State agency as defined in the Tort Claims Act.[1] The pilot was an employee of the State,[2] acting within the scope of his office.[3] Under our statute as it existed at decedent's death the national guard was engaged in "active State service" when the plane crash occurred.[4]

Our statutes, especially those set out in the footnotes are too plain for construction. They bring the operations of the national guard within the purview of the Iowa Tort Claims Act, section 25A. Numerous federal cases, viewing the matter from the perspective of the Federal Tort Claims Act, under similar circumstances, have held national guard officers and men at training encampments are in "active State service" and not in federal service. Storer Broadcasting Co. v. United States (5 Cir.) 251 F.2d 268, cert. den. 356 U.S. 951, 78 S.Ct. 916, 2 L.Ed.2d 844, and cases cited. The same case cites many State cases in accord. The annotator for A.L.R. states:

"There is apparent unanimity among the authorities that, with the exception of members of the National Guard of the District of Columbia, members of a state or territorial National Guard unit that has not been assigned to active federal service are not employees of the United States within the meaning of the Federal Tort Claims Act. (Cases cited)." (loc. cit. 57 A.L.R.2d 1448, 1455).

The detailed and earnest argument made by counsel for the State giving reasons why in this situation the national guard officer should not be considered a State agent is of no avail. The statute controls. Cases from other states dealing with Workmen's Compensation statutes are of no precedential value because of disparity between the statutory purpose and statutory language.

We note the actions of the 63rd General Assembly, second session, has changed both section 29A.1(5)[5] and section 25A.14.[6]

1. "25A.2(1). 'State agency' includes all executive departments, agencies, boards, bureaus, and commissions of the state of Iowa, and corporations whose primary function is to act as, and while acting as, instrumentalities or agencies of the state of Iowa, whether or not authorized to sue and be sued in their own names. * * *."

2. "25A.2(3). 'Employee of the state' includes any one or more officers or employees of the state or any state agency, and persons acting on behalf of the state or any in any official capacity, temporarily or permanently in the service of the state of Iowa whether with or without compensation."

3. "25A.2(4). 'Acting within the scope of his office of employment' means acting in his line of duty as an employee of the state."

4. "29A.1(5). 'Active state service' shall be understood and construed to be service on behalf of the state, * * * at encampments whether ordered by state or federal authority, or upon any other duty requiring the entire time of the organization or person. * * *

"29A.1(6). 'Federal service' shall mean service exclusively under federal laws and regulations."

5. "1. By striking subsection five (5) and inserting in lieu thereof * * * 'Active state service does not include and shall not mean training or duty required or authorized under Title thirty-two (32), United States Code, sections five hundred two (502) through five hundred five (505), inclusive, or any federal regulations duly promulgated thereunder; nor shall such service mean any other training or duty required or authorized by federal laws and regulations.'" Acts of the 63rd G.A. (2nd Session), House File 609, approved March 20, 1970.

6. "Section 1. (exceptions to the act) Section twenty-five A point fourteen (25A.14), Code 1966, is hereby amended by adding the following new subsection:
"'Any claim based upon damage to or loss or destruction of private property,

We are not concerned with the wisdom of the effect of these changes. This case will have little precedential value because of the changes noted but under the statutes in force at the time of the crash decedent's claim was subject to the Iowa Tort Claims Act.

Affirmed.

All Justices concur.

both real and personal, or personal injury or death, when such damage, loss, destruction, injury or death occurred as an incident to the training, operation, or maintenance of the national guard while not in "active state service" as defined

in section twenty-nine A point one (29A.1), subsection five (5), of the Code.'" Acts of the 63rd G.A. (2nd Session) House File 615, approved March 16, 1970.