Peter WALTERS, Appellee,

v.

Richard BARTEL, Appellant.

No. 2-58375.

Supreme Court of Iowa.

May 25, 1977.

Jon M. Kinnamon and Jerald W. Kinnamon of Kinnamon & Kinnamon, and Philip D. Klinger of Faches, Klinger & Gloe, Cedar Rapids, for appellant.

No appearance or brief filed by appellee.

Submitted to MOORE, C. J., and Le-GRAND, UHLENHOPP, REYNOLDSON and HARRIS, JJ.

REYNOLDSON, Justice.

The sole issue in this appeal is whether an unsuccessful county election contestant may

be charged with the incumbent's attorneys' fees under a statute (§ 62.6, The Code) requiring the former to post a bond conditioned to pay "all costs." District court held attorney fees were not included within the obligation to pay "all costs." We agree and accordingly affirm.

Peter Walters, contestant, was defeated by Richard Bartel, incumbent, in the November 7, 1972 election for Johnson County supervisor, 1973 term. The contestant filed timely notice of intent to contest the election and posted a $10,000 surety bond. Contest grounds concerned the incumbent's eligibility to serve and are irrelevant here.

After contestant was defeated in contest court and in district court on appeal, incumbent filed application for taxation of costs. He prayed the court assess costs, including his reasonable attorneys' fees, against the contestant. District court overruled the application as to attorneys' fees. It held Chapter 62, The Code, did not provide the requisite authority for assessing such fees as costs.

I. Appealing here, the incumbent asserts sufficient authority is found in § 62.6, The Code:

> "Bond. The contestant must also file with the county auditor a bond, with security to be approved by said auditor, conditioned to pay *all costs* in case the election be confirmed, or the statement be dismissed, or the prosecution fail." (emphasis supplied)

Incumbent's position is contrary to the overwhelming weight of case law in Iowa and elsewhere. The basic rule is articulated in 20 Am.Jur.2d Costs § 72, at 58–59 (1965):

> "The right to recover attorneys' fees from one's opponent in litigation as a part of the costs thereof does not exist at common law. Such an item of expense is not allowable in the absence of a statute or rule of court or in the absence of some agreement expressly authorizing the taxing of attorneys' fees in addition to the ordinary statutory costs. * * *

\* \* \* \* \* \*

> "The term 'costs' or 'expenses' as used in a statute is not understood ordinarily to include attorneys' fees."

See also 2 Vestal & Willson, Iowa Practice § 53.01(1), at 381 (1974):

> "Attorney fees are not included within 'costs' as the word is used in statutes and rules providing for taxation of costs, unless they are permitted by special statutory provision."

Iowa decisions consistently apply the above rule. See, e. g., *Frost v. Cedar County Board of Supervisors*, 163 N.W.2d 432, 434 (Iowa 1968); *Englund v. Younker Brothers, Inc.*, 259 Iowa 48, 51, 142 N.W.2d 530, 531 (1966); *Thorn v. Kelley*, 257 Iowa 719, 726, 134 N.W.2d 545, 548–549 (1965); *Turner v. Zip Motors*, 245 Iowa 1091, 1100, 65 N.W.2d 427, 432 (1954).

But incumbent's rationale hangs on the word "all" which in § 62.6 precedes "costs." However, if attorney fees are not encompassed within the concept of "costs," addition of the word "all" lends no strength to his analysis. Accordingly, it has been held a statute and bond requiring payment of "all costs and charges incurred" would not support a recovery for attorney fees. *State ex rel. Friedman v. Freiberg*, 70 Ind.App. 1, 5, 122 N.E. 771, 772 (1919); see also *Northhampton Nat'l Bank v. Wylie*, 52 Hun. 146, 148–149, 4 N.Y.S. 907, 908 (1889).

We hold the word "all" (in § 62.6, The Code) merely means every item or component of the term "costs" is taxable to the unsuccessful contestant. It does not add any chargeable expense not already included in the "cost" concept. Because attorney fees under our decisions are not included in the "costs," they are not added by the mere presence of the adjective "all."

Neither are we convinced by incumbent's argument that district court's interpretation is inconsistent with other code provisions. Section 66.4, The Code, relates to removal proceedings, not election contests, and requires a bond "to cover the costs of such removal suit, including attorney fees." Incumbent contends § 62.6 and § 66.4

should both be interpreted to include attorney fees because both, in the final analysis, accomplish the same result.

We think it more reasonable to view these two statutes as demonstrating the legislature knows how to provide for recoupment of attorney fees when that result is intended. Additionally, successive removal proceedings may be instituted under § 66.4, while a Chapter 62 contest may be brought only within 20 days after the incumbent is declared elected. See § 62.5, The Code. The legislature could have logically concluded an officeholder potentially exposed to successive removal proceedings should have protection from recurring attorney fees which ultimately could drive him from office.

Of course, other statutory instances of the legislature's express provision for attorney fees, in addition to the usual costs, are found throughout the code. See, e. g., §§ 188.47, 327D.16, 451.9, 472.33, 567.6, and 633.673. These sections disclose the type of express authorization for attorney fees required by our decisions.

We hold the term "all costs" in § 62.6 does not authorize imposition of an incumbent's attorneys' fees on an unsuccessful contestant.

II. Finally, incumbent urges the fees should be assessed as part of the costs under the following bond provision:

"Now, if the said Peter Walters shall well and truly pay *all the costs* that may accrue in said action in said court, or in any other court to which the same may be carried, either to the said Richard Bartel or to the officers of the court, then this obligation to be void, otherwise to remain in full force and effect." (emphasis supplied)

We first note the bond reference to "all the costs" simply conforms to the § 62.6 statutory requirement. Those words in the bond should not be accorded a different interpretation than the same words in the statute.

Second, the rule requiring express authorization for the allowance of attorney fees applies to agreements and stipulations as well as statutes. *Frost v. Cedar County Board of Supervisors*, supra, 163 N.W.2d at 434; 20 C.J.S. Costs § 218, at 455–457 (1940); 20 Am.Jur.2d Costs § 72, at 58–59 (1965).

Nor do we believe the language which permits optional payment to Richard Bartel or to the "officers of the court" expands the concept of costs to include incumbent Richard Bartel's attorneys' fees. We are unconvinced this language was intended as an agreement to pay attorney fees.

Further, § 62.24 provides for a cost judgment against the losing party. A winning party ordinarily recovers his costs, §§ 625.1, 621.8, The Code, although there may be no successful party ownership in a cost judgment beyond the costs to which such party is entitled. *In re Hayer's Estate*, 233 Iowa 1343, 1352, 11 N.W.2d 593, 598 (1943). We see no significance in the inclusion of incumbent's name in the bond other than as a potential successful party who might recover his costs, not attorneys' fees.

We hold the bond language does not render contestant liable for incumbent's attorneys' fees.

III. We have examined the other arguments vigorously advanced by incumbent's counsel, but remain convinced the district court's decision is correct. We therefore affirm.

AFFIRMED.