**In the Matter of the Trust of Charles W. GABELINE, Deceased.**

**Robert C. CHRISTENSEN, Appellant,**

v.

**Merle KELLY and Robert H. Gerdner, Appellees.**

**No. 63174.**

Supreme Court of Iowa.

Feb. 20, 1980.

Wm. Scott Power of Pryor, Riley, Jones & Aspelmeier, Burlington, for appellant.

William M. Hildreth of Hildreth & Shortenhaus, Burlington, for appellees.

Considered by LeGRAND, P. J., and UHLENHOPP, McCORMICK, ALLBEE, and McGIVERIN, JJ.

LeGRAND, Justice.

In this appeal one trustee disclaims any right to compensation and challenges the right of his two co-trustees to be paid for their services. The trial court ruled against him, and we affirm.

The case arises out of a testamentary trust established under the will of Charles W. Gabeline, who died in 1963. Pertinent terms of the trust provision are here set out:

## ITEM VI

I give, bequeath and devise all the rest and residue of my Estate, wherever situate and in whatsoever form the same may be unto the Board of Supervisors of Des Moines County, Iowa, and their duly elected successors in interest in Trust for the following purposes:

. . . . .

3. To annually make payments of all income to and on behalf and to the benefit of all persons admitted to the Des Moines County Home, Des Moines County, Iowa, said income to be used to provide *additional services and facilities to said persons living at the Home, in addition to the basic services furnished through taxation.* The Board of Supervisors determination of what is to be furnished under this power is to be binding.

. . . . .

5. Separate accounting and separate accounts of this Trust shall be kept by the supervisors and the same shall not be co-mingled or become a part of any public funds.

## ITEM VII

It is the intention of this Will and the intent of the Trust created in the last paragraph above to provide *additional services and facilities* at the Des Moines County Home for persons who live at the Home and for whom that Home is furnishing custodial or nursing care.

.        .        .        .        .

(Emphasis added).

The trust has been administered for more than fifteen years by the supervisors of Des Moines County. The present controversy arose with the election of the appellant, Robert C. Christensen, as a member of the Board of Supervisors. He took office January 1, 1977. The other supervisors, Merle J. Kelly and Robert H. Gerdner, are the appellees.

The issue is very limited. No complaint is made about the services rendered nor the amount charged. The sole claim is that the trustees are entitled to *no* fee because they serve as supervisors and act in their official capacity in administering the trust.

■ We start with the assumption that trustees ordinarily are entitled to compensation for their services unless peculiar circumstances deprive them of that right. § 633.200, The Code. Christensen insists such circumstances exist here. He argues that the trust is really for the benefit of the county. He says the trustees should have nothing more than their salary as supervisors since they are only carrying out their duties as elected officials.

■ We believe Christensen's premise is faulty. If he were correct that the supervisors took the trust property in their official capacity, and that they act for the benefit of the county in administering the trust, his argument would perhaps have merit. But the facts are otherwise. The purpose of the

trust is clearly stated. It is to provide services which the county does *not* furnish for the patients at the home. The language of the testator was designed to avoid the very construction for which Christensen now argues. We point to the several instances which demonstrate this. The trust is to provide "services and facilities" in addition to those furnished "through taxation"; there are to be separate accounts and the trust property "shall not be commingled or become a part of any public fund"; and in Item VII, perhaps redundantly, the will says the trust shall "provide additional services and facilities" for those for whom the home is "furnishing custodial or nursing care."

In this regard, we point out that acting as trustee in this matter is not part of a supervisor's official duties. *See* §§ 253.2 and 332.3, The Code. The supervisors had—and still have—the right to refuse to act without violating their obligation to the county. They are not serving on behalf of the county nor in pursuance of their public duty.

■ Mr. Christensen puts great store in the appointment of the trustees as "supervisors of Des Moines County" rather than by name. However, this method of identification is not unusual. The general rule is that a trustee described in such a manner takes the same as if he had been designated by name. *Inglis v. The Trustees of the Sailor's Snug Harbor*, 28 U.S. (3 Pet. 98, 113) 99, 114, 7 L.Ed. 617, 623 (1830); *Cottman v. Grace*, 112 N.Y. 299, 19 N.E. 839, 841–42 (1889); Bogert, Trusts and Trustees, § 328, at 608 (2d rev. ed. 1977); 76 Am. Jur.2d *Trusts*, § 119 at 362 (1975). We reject Christensen's argument that this requires a finding the trust corpus actually went to the county rather than to the trustees.

Under the terms of this will, giving full effect to the intention of the trustor, we hold the trustees are entitled to reasonable compensation for their services.

We are not to be understood as approving compensation for those who administer a trust as part of their public duty or for the

benefit of their employer. On the contrary, our decision is based on the finding that this trust is solely for the benefit of the patients at the county home and that it bears no relationship to the official duties of the supervisors.

One other issue is raised. It concerns our jurisdiction to entertain this appeal because the amount of fees allowed is less than $3,000.00. *See* rule 3, R.App.P. However, the report asks only that "reasonable fees" be allowed. Ordinarily the jurisdictional amount is determined by the pleadings, not by the result. The trial court could have allowed fees of $3,000.00 or more. Although the record makes this result unlikely, we cannot say it could not have happened. *See Bridal Publications, Inc. v. Richardson,* 229 N.W.2d 771, 774 (Iowa 1975); *Benttine v. Jenkins Truck Lines, Inc.,* 182 N.W.2d 374, 376 (Iowa 1970). We hold requisite jurisdiction appears.

Christensen asks us to allow fees from the trust fund for his attorney. The trial court awarded $1,000 for his attorney fees up to the time of the appeal. Christensen's counsel has filed a statement asking a fee of $7,243.73. He also asks reimbursement for expenses totalling $37.10 exclusive of printing costs.

We believe payment from the trust should be limited to $1,500 plus costs of $37.10. This amount is ordered paid. It is also ordered that the costs of this appeal be paid from the trust funds.

The order of the trial court is—

AFFIRMED.