**Richard BARTEL, Plaintiff-Appellant,**

v.

**JOHNSON COUNTY and the Johnson County Board of Supervisors, et al., Defendant-Appellee.**

No. 2–66522.

Court of Appeals of Iowa.

May 25, 1982.

Jon M. Kinnamon, Cedar Rapids, Iowa, for plaintiff-appellant.

J. Patrick White, Asst. Johnson County Atty., for defendant-appellee.

JOHNSON, Judge.

Plaintiff, Richard Bartel, appeals from an adverse judgment against him in his suit to recover attorney's fees from defendant, Johnson County Board of Supervisors, arising from his successful defense of a contest to his election to the Board of Supervisors. On appeal, he asserts trial court erred in refusing to award attorney's fees on the following theories: (a) unjust enrichment and implied contract; (b) implied trust; (c) his attorneys acted as private county attor-

neys; (d) denial of attorney's fees violates the United States and Iowa constitutional provisions for equal protection; (e) the doctrines of promissory and equitable estoppel apply. We affirm.

In November, 1972, plaintiff was elected to the office of Johnson County Supervisor. In December of that same year, after he had been issued a certificate of election, but before he actually began to serve as a supervisor, plaintiff's election was contested. The former incumbent, whom plaintiff had defeated, filed an election contest alleging that plaintiff was not qualified for the office of supervisor because of an earlier Canadian felony conviction. Plaintiff took office and began to serve as a supervisor while the election contest was pending. The contest court eventually rejected the contestant's claim and ruled that plaintiff was qualified to serve as a supervisor. Thereafter, the contestant appealed to the district court which upheld the conclusion of the contest court. Plaintiff retained counsel to represent him during these proceedings. The presiding officer of the contest court was represented and advised by the county attorney and/or three specially-retained attorneys during the contest case and various ancillary actions. All costs and attorney's fees for the presiding officer were paid by the county. The county, however, refused to reimburse plaintiff for any expense. The plaintiff first sued the contestant for his attorney's fees, but that claim was disallowed by the supreme court in *Walters v. Bartel*, 254 N.W.2d 321 (Iowa 1977). Plaintiff then commenced this suit against the county for reimbursement of his attorney's fees. The district court denied relief on the ground that plaintiff was not acting in his official capacity in defending the election challenge. From this judgment plaintiff appeals.

**I. Scope of Review.** Since this is an action in equity, our review is **de novo.** Iowa R.App.P. 4; *Devine v. Wonderlich*, 268 N.W.2d 620, 623 (Iowa 1978). We review the facts as well as the law to determine anew from the credible evidence all properly presented and preserved contentions. *Miller v. American Wonderlands, Inc.*, 275 N.W.2d 399, 402 (Iowa 1979).

**II. Official Capacity.** Plaintiff argues that the county attorney's office was obligated by the terms of section 336.2(6), The Code, to represent him in the contest court and any derivative proceedings, but that office was under a disability because of its relationship with the presiding officer of the contest court. Plaintiff thus contends that section 336.2(6) gives rise to an implied contract between him and defendant requiring defendant to pay his privately retained attorneys' fees. In the alternative, plaintiff argues that the county would be unjustly enriched from plaintiff's expenditure of attorneys' fees for legal services that the county was required to provide.

We first note that attorneys' fees are not recoverable unless authorized by statute or contract. *Virginia Manor, Inc. v. City of Sioux City*, 261 N.W.2d 510, 513 (Iowa 1978); *Walters v. Bartel*, 254 N.W.2d 321, 322 (Iowa 1977). To establish his claim, plaintiff relies on section 336.2(6), which provides:

> [It shall be the duty of the county attorney to:] (6) commence, prosecute, and defend all actions and proceedings in which any county officer, in his official capacity, or the county, is interested, or a party.

Plaintiff contends that his certification as the winner of the election placed him in the official capacity of incumbent, that the contestant sued him in this capacity, and that his claim, therefore, falls within the purview of section 336.2(6). While we find no Iowa cases delineating the scope of an officer's official capacity under this code section, we conclude, in agreement with the district court, that it does not encompass an officer's efforts to retain his office. We believe the phrase "in his official capacity" means only his capacity when acting for and in behalf of the county. *See United*

*States v. Waylyn Corp.,* 130 F.Supp. 783, 786 (D.P.R.1955).[1] In the contest case, plaintiff was not acting in behalf of Johnson County but was merely defending, for his own benefit, his personal right to hold the office to which he was elected. His additional contention that he was defending the interest of the plurality of voters who elected him to office, likewise is unpersuasive. Those voters have no interest in defending an officeholder against charges that he is statutorily disqualified from holding office. Their interest is in seeing a qualified candidate placed in office.

Further, we believe the language of chapter 62, The Code, which governs election contests of county officers, supports our conclusion that the contest is a private action which does not require compensation for expenses by the county. Section 62.24 states that costs shall be assessed against the loser of the contest but establishes no liability on the part of the county. We believe this assessment of costs to the individual reflects the legislature's intent that this action is of a private nature. *Cf.* Iowa R.Civ.P. 299–305, (quo warranto proceedings).

Because we conclude plaintiff was not acting in his official capacity, we find no duty upon the county attorney to act under section 336.2(6). There thus was no unjust enrichment or implied contract upon which to base the county's liability for plaintiff's attorney fees.

■ **III. Implied Trust.** Plaintiff's second argument is that he should be awarded attorney's fees on the basis of an implied trust. This theory, as argued by plaintiff, follows the Missouri rule that:

Where one goes into a court of equity and takes the risk of litigation on himself and successfully creates, protects, or preserves a fund or brings about the creation, increase, or protection of a fund in which others are entitled to share, those others will be required to contribute their proportionate part of counsel fees and expenses, and the equitable way to apportion these fees and expenses is to allow them against the fund.

*Jesser v. Mayfair Hotel, Inc.,* 360 S.W.2d 652, 661 (Mo.1962). We note that the Iowa Supreme Court has followed a similar rule where an attorney renders services in recovering or preserving a fund in which a number of persons are interested. *See Tucker v. Nason,* 249 Iowa 496, 499, 87 N.W.2d 547, 548 (1958). While these cases involve the recovery or preservation of a fund, plaintiff argues that the rule should be extended to any case where a substantial benefit upon others is conferred. As authority for extension of this principle, plaintiff cites *Mills v. Electric Auto-Lite Co.,* 396 U.S. 375, 90 S.Ct. 616, 24 L.Ed.2d 593, (1970). The principle as established by the United States Supreme Court in *Mills* is:

While the general American rule is that attorney's fees are not ordinarily recoverable as costs, both the courts and Congress have developed exceptions to this rule for situations in which overriding considerations indicate the need for such a recovery. A primary judge created exception has been to award expenses where a plaintiff has successfully maintained a suit, usually on behalf of a class, that benefits a group of others *in the same manner as himself.* [citation] To allow the others to obtain full benefit

1. Our review of Iowa cases addressing an officer's "official capacity" reveals that such cases involve affirmative acts or nonfeasance only; there is no authority for plaintiff's proposition that the phrase encompasses a mere state of being. See for example: *Lerdall Constr. Co. Inc. v. City of Ossian,* 318 N.W.2d 172, at 174 (Iowa 1982) (mayor and councilmembers contract on behalf of municipality); *In re Trust of Gabeline,* 288 N.W.2d 341, 343 (Iowa 1980) (administration of trust by county supervisors for benefit of county); *Blanton v. Barrick,* 258 N.W.2d 306, 308 (Iowa 1977) (prosecutor's immunity for acts done in his official capacity); *Harryman v. Hayles,* 257 N.W.2d 631, 637 (Iowa 1977) (negligence of county supervisors and engineer); *Morrison v. State,* 179 N.W.2d 439, 440 (Iowa 1970) ("Employee of the State" includes persons acting on behalf of the state in any official capacity.)

from the plaintiff's efforts without contributing equally to the litigation expenses would be to enrich the others unjustly at the plaintiff's expense. (emphasis added)

396 U.S. at 391–92, 90 S.Ct. at 625, 24 L.Ed.2d at 606.

We are not persuaded that this analysis applies to the instant case. Here, the group that is allegedly benefited from plaintiff's efforts is not benefited in the same manner as he is. Plaintiff is the only member of this hypothetical group that is capable of holding the elected office. Further, as we concluded above, the public has no interest in defending a specific officeholder against charges that he is statutorily disqualified from holding that office. We thus find no basis for awarding attorney's fees on the theory of an implied trust.

■ **IV. Private County Attorney.** Plaintiff next argues that he is entitled to receive attorney's fees because his attorney acted as a private county attorney. He asserts that the judiciary has the inherent power to appoint special assistants to the county attorney in carrying out required duties where the regular county attorney is disqualified. Accordingly, since the Johnson County Attorney was disqualified due to a conflict of interest by representing the presiding officer of the election contest, plaintiff should be awarded attorney's fees for privately retaining counsel to carry out the county attorney's duties. Because we have found that the county attorney was under no obligation to represent plaintiff in this action, we conclude that plaintiff's privately retained counsel fulfilled no duties otherwise required of the county attorney. Further, we reject plaintiff's reliance on *Serrano v. Priest,* 20 Cal.3d 25, 569 P.2d 1303, 1314, 141 Cal.Rptr. 315, 326 (1977), wherein the California Supreme Court allowed attorney's fees on the basis that 1) the litigation resulted in the vindication of a strong or socially important public policy; 2) the necessary cost of securing this result transcends the individual plaintiff's pecuniary interest to an extent requiring subsidization; 3) a substantial number of persons benefited from the decision on the merits of the challenge. We have concluded above that plaintiff was vindicating a personal right in the election contest, not the franchise interests of the electorate of Johnson County; we thus further conclude that the cost of defending that right did not transcend his individual interest to an extent requiring subsidization.

**V. Equal Protection.** Plaintiff next argues that since Johnson County and the Iowa State Legislature have awarded attorney fees in the past, it would be unconstitutionally discriminatory treatment to deny plaintiff attorney's fees here. Having reviewed the record before the district court, we find no basis on which to find any violation of the equal protection clauses of the United States or Iowa Constitutions.

■ **A. Johnson County.** Plaintiff asserts that because Johnson County officials were awarded both costs and attorney's fees for their involvement in the election contest and ancillary proceedings, denial of an award of attorney's fees to him is a violation of the equal protection. We find no merit to this analysis. Again, we state our conclusion set forth in division II of this opinion: plaintiff was not acting in his official capacity in defending the election contest. Since those officials who received attorney fees were acting in their official capacity, we find a rational distinction between the two classes of litigants. *See Rudolph v. Iowa Methodist Med. Ctr.,* 293 N.W.2d 550, 557 (Iowa 1980). We thus conclude there was no violation of plaintiff's right to equal protection.

■ **B. Legislative Action.** Plaintiff further argues that, since the legislature has enacted private bills for compensating state office holders who withstand an election contest, it is a denial of equal protection and discriminatory for plaintiff to be denied the same benefits. We disagree.

First, we note that there is no evidence that plaintiff applied to the legislature for

such a private bill of remuneration. Second, we reject his contention that denial of his claim by the county board of supervisors, is, in effect, denial by the Iowa legislature. While a county is a governmental instrumentality or division of the State, it is not solely an "administrative" arm of state government. *Mandicino v. Kelly*, 158 N.W.2d 754, 760 (Iowa 1968) citing *Hanlon v. Towey*, 274 Minn. 187, 198, 142 N.W.2d 741, 747 (1966). " . . . [T]he county board's power with respect to taxation, the county budget, capital improvements, welfare, health, the administration of justice, zoning, and many other areas of public service is quite different in variety and scope than that possessed by an administrative or special-purpose unit of government." *Hanlon*, 274 Minn. at 198, 142 N.W.2d at 747. In view of the substantial quantum of legislative power vested in the county governments, we view it as a separate entity and not as a mere agent of the Iowa legislature. We thus reject plaintiff's argument that the county, in denying his request for attorney's fees, has acted for the state legislature for that purpose.

Further, addressing the merits of plaintiff's equal protection claim, we find it wholly unsupported by evidence of either a classification or discrimination. While plaintiff has cited examples of individuals receiving compensation through special legislation by the Iowa legislature, plaintiff has not shown any evidence that these bills are always or regularly passed in favor of state officeholders who are required to defend in an election contest. We believe this failure in the evidence defeats plaintiff's claim that a variance in his treatment from that of such state officeholders imposes an unconstitutional additional requirement for election to county office. Plaintiff also offers no evidence concerning the denial of private bills to county officeholders as a class. We thus conclude plaintiff has wholly failed to support his claim of a denial of equal protection.

■ **VI. Promissory Estoppel and Equitable Estoppel.** Plaintiff's final argument is that promissory estoppel or equitable estoppel should be invoked to require his award of attorney's fees. He contends that the fact he was accepted as a county officer entitles him to all rights and privileges of any other county officer, including legal representation by the county attorney. Assuming, without deciding that defendant was so entitled, it is clear from the foregoing analysis that representation by the county attorney was not one of the rights or privileges conferred to plaintiff, as he was not interested in the litigation in his official capacity.

Finding no error by the district court, we affirm its judgment.

AFFIRMED.

DONIELSON, Judge (dissenting).

I respectfully dissent.

I agree with plaintiff's argument that the county attorney's office was obligated by the terms of section 336.2(6), The Code, to represent him in the contest court and any derivative proceedings but that office was under a disability because of its relationship with the presiding officer of the contest court.

Section 336.2(6) provides:

[It shall be the duty of the county attorney to:] (c) commence, prosecute and defend all actions and proceedings in which any county officer, in his official capacity, or the county, is interested, or a party.

In my opinion the election contest was clearly initiated against plaintiff in his *"official capacity" after he was certified and declared an incumbent* pursuant to section 57.3, The Code 1971, and is a suit in which he "is interested, or a party." The language of section 336.2(6) should be "liberally construed with a view to promote its objects and assist the parties in obtaining justice." Section 4.2, The Code. It is obvious the purpose of section 336.2(6) was not to require county officers to pay for their own legal defense in suits which arise solely

out of their status as a county official. Furthermore, in my opinion the majority's decision will discourage qualified persons from seeking and holding public office if they are required to personally pay attorney fees in the event their election is contested. Therefore, I believe plaintiff should be entitled to reimbursement for the costs he incurred privately defending the election contest due to the county attorney's disability.

I would reverse the trial court and remand for a hearing to determine a reasonable amount of attorney fees to be awarded to plaintiff.

OXBERGER, C. J., joins this dissent.