# IN THE SUPREME COURT OF IOWA

No. 21 / 06-1165

Filed February 29, 2008

**DAVID E. RICHTER** and
**LORI FALK-GOSS,**

　　Appellees,

vs.

**SHELBY COUNTY, IOWA,**

　　Appellant.

---

Appeal from the Iowa District Court for Shelby County, Greg W. Steensland, Judge.

County appeals the decision of the district court which held it liable for attorneys' fees and costs incurred in the criminal defense of a deputy sheriff. **REVERSED.**

Marcus Gross, Jr., County Attorney, and Richard C. Schenck and Bryan D. Swain of Salvo, Deren, Schenck & Lauterbach, P.C., for appellant.

DeShawne L. Bird-Sell of DeShawne L. Bird-Sell, P.L.C., Glenwood, for appellees.

**APPEL, Justice**.

In this case, we must decide whether a county is statutorily obligated to provide a legal defense for a sheriff's deputy charged with voluntary manslaughter in connection with a shooting that occurred while the deputy was on duty. The district court held that the county was required to reimburse the deputy for attorneys' fees arising out of his successful criminal defense. For the reasons expressed below, we reverse.

## I. Factual and Procedural Background.

The facts in this matter are undisputed. On December 20, 2004, Shelby County Deputy Sheriff Chad Butler shot and killed Dwayne Jens after a high-speed chase through rural Iowa. Jens was unarmed at the time of the shooting. The parties stipulated in this proceeding that Butler "was on duty at the time that he shot and killed Mr. Jens and was acting in his official capacity as an officer for Shelby County during the incident."

On the day of the shooting, Butler contacted the plaintiff attorneys in this matter, David Richter and Lori Falk-Goss, to represent him in connection with the shooting. The following day, Shelby County Attorney Marcus Gross, Jr., Chief Deputy Mark Hervey, and Don Shreffler of the Iowa Division of Criminal Investigation interviewed Butler in Richter's office. At all times during the interview, county attorney Gross was acting as a prosecutor and not providing Butler legal defense.

County attorney Gross presented the matter to a Shelby County grand jury, which indicted Butler on the charge of voluntary manslaughter on February 2, 2005. Following the indictment, Gross withdrew as counsel for the State. On April 18, 2005, Butler's attorneys submitted a billing statement to Shelby County seeking payment of

$14,775 in legal fees and costs. On April 26, 2005, the chairman of the Shelby County Board of Supervisors responded by letter, stating that the board did not have the authority to pay for Butler's legal expenses. Notwithstanding the rejection of their request for payment, Butler's attorneys continued to represent him.

After a three-day trial in June 2005, Butler was found not guilty of voluntary manslaughter. Following Butler's acquittal, Butler's attorneys presented a bill to the Shelby County Board of Supervisors totaling $63,013.50 in fees and costs arising from the defense. In response, the board once again asserted that it lacked the authority to pay for Butler's criminal defense.

Butler's attorneys filed a petition at law in the district court asserting that the county was statutorily required to assume Butler's defense and prayed for a monetary judgment for the services rendered and costs incurred. The parties tried the action to the court on stipulated facts. Butler's attorneys claimed that they were entitled to payment of their fees and expenses pursuant to Iowa Code section 331.756(6) (2005), which provides, in part, that the county attorney "shall . . . defend all actions and proceedings in which a county officer, in the officer's official capacity, or the county is interested or a party."

The district court entered judgment in favor of Butler's attorneys. The county filed a timely notice of appeal.

**II. Standard of Review.**

The parties do not agree on the proper standard of review. The county asserts that because the remedy sought by Butler's attorneys is unjust enrichment, the case was therefore brought in equity and our review is de novo. Iowa R. App. P. 6.4. Conversely, Butler's attorneys claim that the case was tried at law because the sole basis of relief was

statutory in nature. As a result, Butler's attorneys assert that our review is limited to correction of errors at law. *Id.*

The parties, however, stipulated to all the relevant facts. The only issues presented in this case are questions of law. The sole issue before us is whether Butler's attorneys, under the stipulated facts, are legally entitled to payment. Our review, therefore, is for correction of errors of law. *Sager v. Farm Bureau Mut. Ins. Co.*, 680 N.W.2d 8, 11 (Iowa 2004).

### III. Discussion.

Resolution of this case turns on the proper interpretation of Iowa Code section 331.756(6), which is the sole basis asserted by the plaintiffs for payment of Butler's criminal defense. In relevant part, this Code provision provides that "[t]he county attorney shall: . . . (6) Commence, prosecute, and defend all actions and proceedings in which a county officer, in the officer's official capacity, or the county is interested or a party." Iowa Code § 331.756(6).

The county raises three arguments against imposition of a statutory obligation to provide for Butler's criminal defense. First, the county asserts that Butler was not a "county officer" entitled to a defense under the statute. Second, the county argues that Butler was not a party to nor did he defend the underlying action in his official capacity, as the statute requires. Instead, the county argues that Butler defended himself in the criminal case in his personal capacity. Third, the county maintains that even if Butler was statutorily entitled to a criminal defense, he waived such a defense by failing to obtain court approval of his counsel, contrary to the provisions of Iowa Code section 331.759. The county asserts section 331.759 requires court approval of an appointment of other counsel when the county attorney is unable to conduct the defense because of a conflict.

Butler's attorneys, however, maintain that the county in the stipulation of facts admitted that Butler "was acting within his official capacity as an officer for Shelby County." As a result, Butler's attorneys assert that the County is precluded from claiming that Butler was not a "county officer" for the purposes of Iowa Code section 331.756(6) or that he was not acting within the scope of his official capacity at the time of the incident. In any event, Butler's attorneys argue that Butler should be considered a "county officer" under Iowa Code section 331.756(6) because Butler was appointed as a deputy sheriff under Iowa Code section 331.903, a provision which is found in a division of the Iowa Code entitled "County Officers."

The attorneys further argue that even if Butler cannot be considered a "county officer," he, nevertheless, is entitled to recover his defense fees and costs because the county has an "interest" in the criminal proceeding. Butler's attorneys argue that because the deputy was acting in his official capacity at the time of the incident, the county is greatly interested in the matter. An adverse finding against a peace officer, the attorneys argue, would harm the public regard for law enforcement that is essential to maintain the peace.

On the failure to obtain court approval under Iowa Code section 331.759, Butler's attorneys maintain that the burden of statutory compliance rested with the county, and not with Butler. When the county attorney withdrew from the proceeding, the county should have sought court approval for the employment of outside counsel to defend Butler. If the county had followed the statutory procedure, the attorneys argue, the court likely would have appointed his chosen counsel. As a result, Butler's attorneys argue that equitable principles dictate that the

county should pay for Butler's legal defense even though court approval was not obtained.

At the outset, we conclude that there is substantial question as to whether Butler is a "county officer" under the statute. *Compare Seeley v. Bd. of County Comm'rs for La Plata County, Colo.*, 654 F. Supp. 1309, 1313 (D. Colo. 1987) (holding that a deputy sheriff is not a "county officer" either under the state constitution or code), *and Employees Ret. Sys. v. Lewis*, 136 S.E.2d 518, 520–21 (Ga. Ct. App 1964) (holding that deputy sheriffs are "public officers" but not "county officers"), *with In re Uterhart*, 257 N.Y.S. 348, 348 (N.Y. Sup. Ct. 1927) (holding deputy sheriffs to be county officers under relevant statute). Iowa Code chapter 331 contains a division entitled "County Officers" and lists the county attorney, county auditor, county treasurer, county recorder, and county sheriff. Iowa Code §§ 331.751, 331.501, 331.551, 331.601, 331.651. The county argues this context establishes that the term "county officer" is a term of art used to describe the public officers of the county who to some degree exercise sovereign power. *Hegeman v. Kelch*, 666 N.W.2d 531, 534 (Iowa 2003); *State v. Spaulding*, 102 Iowa 639, 649–50, 72 N.W. 288, 291 (1897). Whether the issue was preserved at trial, however, is clouded by the stipulation in which the parties ambiguously agreed that Butler was acting in his official capacity as "an officer for Shelby County" and by the failure of the county to address the issue in its briefing before the district court.

It is not necessary, however, to address Butler's status as a county officer[1] as he fails to meet an additional requirement in Iowa Code section 331.756(6). Specifically, Iowa Code section 331.756(6) requires that the county defend county officers only where the county officers are

---

[1]The court's decision also makes it unnecessary to decide the issue of waiver.

*parties* or interested "in actions or proceedings" in their official capacity. Because Butler was not defending in the underlying criminal action or proceeding in his official capacity, the claim of Butlers' attorneys fails in this case.

The attorneys erroneously assert that Iowa Code section 331.756(6) gives rise to an obligation to provide a defense for all acts or omissions of an officer while acting within the scope of the officer's duties. This kind of municipal obligation is created with respect to civil claims by the municipal tort claims act, which provides that municipalities generally have a duty to defend and indemnify municipal officers for any tort claim or demand "arising out of an alleged act or omission occurring within the scope of their employment or duties." Iowa Code § 670.8. Iowa Code section 331.756(6) uses distinctly different language. It does not provide for a defense or indemnification with respect to "acts or omissions" arising within the scope of employment, but instead limits the duty to defend to "actions and proceedings" where the county officer is a party or interested in his or her official capacity. *See In re Roofner's Appeal*, 81. Pa. Super. 482, 482 (Pa. Super. Ct. 1923) (holding that statute authorizing hiring of attorney limited "to those matters" in which the municipality has some official duty or which affects its interests).

In determining whether a public officer is defending "in the actions or proceedings" in his or her official capacity, the case of *Bartel v. Johnson County*, 322 N.W.2d 901 (Iowa Ct. App. 1982), is instructive. In *Bartel*, a sitting county supervisor mounted a successful defense to a challenge to his qualifications to hold office. 322 N.W.2d at 903. The *Bartel* court held that the county supervisor was not defending "the action" in his official capacity, but rather acted in his personal capacity

for his personal benefit even though the case arguably arose from acts taken in his official capacity. *Id.* at 904.

A similar analysis applies where a public officer is a defendant in a criminal action. In this case, Butler was defending himself in a criminal matter. Unlike in an action brought against the county treasurer or county auditor where the county official is named in the litigation as the responsible county official, Butler in the underlying criminal action was not acting as the representative or agent of the county. His goal was to avoid criminal sanctions personal as to him. The defense in the criminal action was not "in his official capacity" but in his individual capacity for his own benefit. *Id.* at 903–04 (citing *United States v. Waylyn Corp.*, 130 F. Supp. 783, 786 (D.P.R. 1955) (noting that the phrase "in his official capacity" means only his capacity when acting for and in behalf of the county)).

Butler's attorneys zealously argue that because the parties in this case stipulated that Butler was acting within the scope of his official capacity as an officer of Shelby County at the time of the incident, his attorneys' fees should be paid under the statute. The fact that the underlying incident arose in the officer's official capacity, however, is distinct from the issue of whether the officer is defending in "the actions or proceedings" in his official capacity. Because Butler was not defending in "the actions or proceedings" in his official capacity, we hold that under Iowa Code section 331.756(6), Butler is not entitled to a defense at the county's expense. *Id.* at 904.

We also reject the alternative argument that the county was "interested" in the criminal proceeding, thereby mandating that the county defend him under Iowa Code section 331.756(6). The statute provides that the county must defend in "actions or proceedings" in

which the county is "a party or is interested." In a statutory context expressly dealing with legal proceedings, the term "interested" refers to a cognizable legal interest. *See Birkhofer ex rel. Johannsen v. Birkhofer*, 610 N.W.2d 844, 847 (Iowa 2000) (" 'One interested in an action is one who is interested in the outcome or result thereof because he has a legal right which will be directly affected thereby or a legal liability which will be directly enlarged or diminished by the judgment or decree therein.' " (quoting *In re J.R.*, 315 N.W.2d 750, 752 (Iowa 1982))); *Black's Law Dictionary* 1154 (8th ed. 2004) (defining "interested party" as a party "who has a recognizable stake (and therefore standing) in the matter").

The asserted "interest" of Shelby County does not rise to a legal interest in the criminal proceeding. The purported public relations benefit of the vindication of a law enforcement officer does not rise to a legal interest under the statute. Further, while Butler's attorneys claim that a verdict against Butler would increase Shelby County's exposure to civil liability, such an indirect interest is not sufficient to give Shelby County standing to litigate in the criminal proceeding and would directly arise only in a subsequent civil action.

Our interpretation of Iowa Code section 331.756(6) is supported by the fact that at common law, public officials were not entitled to mandatory reimbursement of fees resulting from criminal prosecutions absent express statutory authorization. *Hall v. Thompson*, 669 S.W.2d 905, 906–07 (Ark. 1984); *Guerine v. City of Northlake*, 274 N.E.2d 625, 626 (Ill. App. Ct. 1971); *Zimmer v. Town of Brookhaven*, 678 N.Y.S.2d 377, 380 (N.Y. App. Div. 1998). It is improbable that the legislature intended to significantly rework the common law through the language in the statute. Indeed, unlike Iowa, a number of states have expressly overridden the common law approach through clear and unambiguous

language, usually under limited circumstances and often on a discretionary rather than mandatory basis. *See, e.g.*, Cal. Gov't Code § 995.8 (2007); Conn. Gen. Stat. § 53–39a (2007); Fla. Stat. § 111.065(3) (2007); 5 Ill. Comp. Stat. 350/2 (2007); Kan. Stat. Ann. § 75–6108 (2006); Minn. Stat. § 3.736(9a) (2007); N.J. Rev. Stat. § 40A:14–155 (2007); N.C. Gen. Stat. § 143–300.4 (2007); Ohio Rev. Code Ann. §§ 9.87, 109.36–366 (2007); 42 Pa. Cons. Stat. Ann. § 8525 (2007); Utah Stat. Ann. § 63–30a-2 (2007); Wis. Stat. §§ 165.25(6), 895.46 (2007). In order to require Iowa governments to defend or reimburse public officials in criminal proceedings, clear and direct language is required to overcome the traditional approach. *See Triplett v. Town of Oxford*, 791 N.E.2d at 316 (Mass. 2003) (noting that the legislature uses clear language to indemnify public employee for legal fees and costs incurred in defending against criminal charges); *Monti v. Warwick Sch. Comm.*, 554 A.2d 638, 640 (R.I. 1989) (holding indemnification statute does not apply to criminal proceedings without clear indication).

We recognize that there may be policy considerations that might support payment of attorneys' fees and costs of law enforcement officers incurred in the successful defense of criminal actions arising out of acts or omissions within the scope of their authority. The financial burden of a successful defense against criminal charges, as this case demonstrates, can be substantial. *Triplett*, 791 N.E.2d at 316 (recognizing financial burdens but refusing to extend municipal duty to defend to criminal cases absent legislative enactment); *Wassef v. State*, 414 N.Y.S.2d 262, 265 (N.Y. Ct. Cl. 1979) (same). In addition, it has been suggested that police officers might be discouraged from effectively pursuing their duties if they were forced to provide their own defense in criminal actions. *Van Horn v. City of Trenton*, 404 A.2d 615, 619 (N.J. 1979). Butler's attorneys

also advance the argument that the morale of law enforcement officers would suffer if they are denied financial support when they are charged criminally over mishaps that occur in the line of duty, and that recruiting qualified officers would be impaired by the lack of governmental support when unfortunate incidents occur.

On the other hand, it can be argued that payment of attorneys' fees and costs even in cases of successful criminal defenses could encourage law enforcement officers to engage in undesirably risky behavior. *Snowden v. Anne Arundel County*, 456 A.2d 380, 382 (Md. 1983) (citing argument that reimbursement of criminal expenses even of acquitted public official could make an officer less inclined to exercise proper care and restraint). Further, providing a defense for public officers charged with criminal misconduct would create an anomalous situation where the public pays for both the cost of prosecution and the cost of defense even where the defendant is not indigent. Ordinarily nonindigent private parties who are forced to undergo criminal proceedings are required to pay for their defense, and it can be maintained that law enforcement officers are not entitled to different treatment. Finally, it can be argued that the threat of shifting defense costs onto government in the event of an unsuccessful prosecution would unduly dampen the enforcement of criminal laws against public officials, a perverse result in this era of governmental distrust.

Our role in this case, however, is simply to apply existing law to the undisputed facts. Unlike other jurisdictions, the Iowa legislature has not chosen to enact legislation requiring local government to provide a defense for county officers in criminal matters even where the underlying act or omission is within the scope of employment and the officer is acquitted on the underlying charge. Whether there are policy

considerations sufficient to justify a change in current law is a legislative matter, about which we express no opinion.

We also express no opinion on the issue of whether Shelby County, in its discretion, could voluntarily elect to pay some or all of Butler's expenses. *See Snowden,* 456 A.2d at 380 (upholding ordinance authorizing creation of fund to pay legal expenses incurred by police and fire personnel for civil or criminal offenses arising out of employment); *Sonnenberg v. Farmington Twp.*, 197 N.W.2d 853 (Mich. Ct. App. 1972) (holding that municipality in its discretion may indemnify police officers for expenses incurred defending criminal charges that arose out of employment). The issue of whether the county has such discretion is not raised in this appeal. We only hold that Shelby County, under Iowa Code section 331.756(6), has no mandatory obligation to pay the claim presented.

## IV. Conclusion.

For the reasons expressed above, we hold that under Iowa Code section 331.756(6), Shelby County is not required to pay the fees and costs incurred by Butler in his criminal defense. As a result, the judgment of the district court is reversed.

**REVERSED.**

All justices concur except Larson, J., who takes no part.